ILLINOIS CENTRAL RAILROAD COMPANY *v.* IDA HUNTER ET AL.

1. RAILROADS. *Fellow-servant.* *Const.* 1890, § 193. *Fireman, telegraph operator.*

A fireman on the locomotive and a telegraph operator at one of the company's stations are engaged in different departments of labor, or "about a different piece of work," within the meaning of § 193, constitution 1890, and the railroad company is liable for the injury to or death of the fireman by a collision, resulting from the negligence of the operator.

2. SAME. *Const.* 1890, § 193. *Injuries causing death.* *Who may sue.*

For injuries to an employe resulting in death. an action against a railroad company, based on § 193, constitution 1890, as to fellow-servants, must be brought by "the legal or personal representative"—that is, by the executor or administrator of the decedent.

| | |
|---|---|
| 70 | 471 |
| d72 | 16 |
| 70 | 471 |
| a77 | 941 |
| 70 | 471 |
| 79 | 610 |
| 70 | 471 |
| c91 | 363 |
| 70 | 471 |
| 92 | 139 |
| o92 | 140 |

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

This is a joint action by Ida Hunter, suing in her own right and as next friend for John Hunter, a minor, to recover of the Illinois Central Railroad Company damages for the killing of John Hunter, husband of the said Ida Hunter and father of the said John Hunter, plaintiffs.  Deceased was engaged as fireman on one of defendant's locomotives, and, in March, 1892, sustained fatal injuries in a collision, caused by the negligence of defendant's telegraph operator at Crystal Springs in failing to deliver an order of the train-dispatcher to the crew of a freight-train.  Defendant pleaded the general issue, and the case was tried upon an agreed statement of facts, which, in addition to the facts above, showed the deceased, at the time of his death, to be thirty-three years of age, and earning $90 a month, and that plaintiffs were wholly dependent upon him for support.

As stated, the action was for the joint benefit of the widow and child, and alleged that, by the death of said husband and father, plaintiffs had been deprived of his care, protection and means of support to their damage, etc.

Section 193, constitution 1890, after providing that actions may be maintained against corporations by its employes to recover for injuries suffered by the negligence of fellow-servants engaged in different departments of labor, or of fellow-servants on another train of cars, or engaged about a different piece of work, further provides that " where death ensues from any injury to employes, the legal or personal representative of the person injured shall have the same right or remedies as are allowed by law to such representatives of other persons."

Section 1510, code 1880, reference to which is made in the argument, is as follows : " Whenever the death of any persons shall be caused by any such wrongful or negligent act or omission as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action

and recover damages in respect thereof, and such deceased person shall have left a widow or children, or both, or husband or father or mother, the person or corporation, or both, that would have been liable if death had not ensued; and the representative of such person, shall be liable for the damages, nothwithstanding the death; and the action may be brought in the name of the widow for the death of her husband, or by the husband for the death of his wife, or by the parent for the death of a child, or in the name of a child for the death of an only parent, the damages to be for the use of such widow, husband or child, except that in case a widow should have children the damages shall be distributed as personal property of the husband. In every such action the jury may give such damages as shall be fair and just, with reference to the injury resulting from such death to the person suing; but every such action shall be commenced within one year after the death of such deceased person."

No objection was made in the court below to the form in which the action was brought, or for misjoinder of plaintiffs, the controversy, so far as the record shows, being whether the fireman and telegraph operator were fellow-servants, engaged in different departments of labor, or "about a different piece of work," within the meaning of the above constitutional provision. The court below held that they were engaged in different departments of labor, and about a different piece of work, and refused defendant's instruction announcing a contrary doctrine.

Verdict and judgment in favor of plaintiffs for $2,500. Motion for new trial overruled. Defendant appeals.

*Mayes & Harris*, for appellant.

By § 193 of the constitution, where death ensues, an action can only be brought by a legal or personal representative. This provision being in derogation of the common law, must receive a strict instruction. *Hopkins* v. *Sandidge*, 31 Miss., 668; *Edwards* v. *Gaulding*, 38 *Ib.*, 118; *Hollman* v. *Bennett*,

44 *Ib.*, 322; *Dibrell* v. *Dandridge*, 51 *Ib.*, 55; *Shattuck* v. *Miller*, 50 *Ib.*, 386; *Boyd* v. *Lowry*, 53 *Ib.*, 352; *Bell* v. *Faison,* 53 *Ib.*, 354; Enderlich on Interpretation of Stat., 173, 174; Sedgwick on Construction of Stat., 271. This rule applies with special force where new rights are created and new remedies given. Enderlich on Stat., 176; Bishop on Written Law, § 249. For rights and remedies, where there is injury to the employe of a railroad, we must look to § 193 of the constitution. The subject begins and ends there. Section 663, code 1892, gives a right of action to certain designated persons who, at common law, could not sue. This class did not embrace employes of railroad companies who receive injuries from wrongful acts of co-employes. At common law in this state they had no right of action. The constitution gives the right of action, not to all employes, but to a designated class of them. The constitution has not attempted to define who are fellow-servants. To determine that, reference must be had to the law as it already stood. Before the adoption of the constitution the employe had no right of action for injury caused by the negligence of fellow-servants. Now, in certain states of case, he has.

It has been held that a train-dispatcher is a fellow-servant of the fireman on the engine. *Millsaps* v. *Railway Co.*, 69 Miss., 423. *A fortiori*, the fireman is a fellow-servant of an operator at a station. They are not fellow-servants on different trains of cars, nor are they engaged about a different piece of work. The question is, then, were they engaged in different departments of work? The term *department* of work is much broader than *kind* of work. Certainly the court cannot hold that there is a conductor's department, a fireman's department, a brakeman's department, and a locomotive engineering department and so on. We submit that these men were engaged in different kinds of work, but they belonged to the same department, being engaged directly in moving and operating trains. That requires the combined effort of both. It is a matter of common knowledge that

trains are now run by telegraph. See *Lagrone* v. *Railroad Co.*, 67 Miss., 592; McKinney on Fellow Servants, 172 *et seq.*

*R. P. Willing, Jr.*, for appellees.

The single question in the case, as tried, was whether the operator and fireman were fellow-servants. Prior to the constitution of 1890 they would be so considered. But § 193, constitution 1890, has made radical and sweeping changes in the old common law rule of fellow-servants. See *Welsh* v. *Railway Co., ante*, p. 20.

A casual view of the question will decide it in plaintiff's favor. The department of labor of a fireman and an operator are as distinct and diverse as could be imagined. They never come into personal relations. They need never know each other. It is true the courts are hopelessly divided on this question, where not controlled by statutes. But a number of courts have engrafted upon the common law, without express statutory enactment, a limitation upon the old rule, identical with § 193 of the constitution. This section overrules the decisions in our state, which would hold the fireman and operator fellow-servants. This places our courts in line with the courts in these states which have adhered to the "department limitation." The question, therefore, is, what are distinct and what are the same departments of labor? The old rule was founded upon the supposed interests of society, which would be promoted by making fellow-servants insurers, as it were, of each other's faithfulness. The different department limitation, as it is called, had its origin in the fact that, in industrial enterprises, there are so many distinct departments of service that many of the employes rarely, if ever, come in contact with each other. Thus, the reason for the rule fails, and the courts refuse to enforce it. The following authorities have passed upon the question involved: 93 Ill., 309; 108 *Ib.*, 576; 127 *Ib.*, 627; 60 *Ib.*, 171; 58 *Ib.*, 272; 106 *Ib*, 216; 128 *Ib.*, 348. In *East Tennessee Co.* v. *De Armond*, 86 Tenn., 73, the conductor and the tele-

graph operator were held not to be fellow-servants. This is exactly the case at bar. In *Haynes* v. *R. R. Co.*, 3 Cold., 222, the track-repairer and employes of the train were held not fellow-servants. In *Morris* v. *R. R. Co.*, 78 Va., 75, the track-repairer and brakeman were held to be in different departments of service. See also 84 Va., 167; 28 W. Va., 610; 28 Am. & Eng. R. R. Cas., 360; 30 Ga., 146; 9 Bush, 559.

The contention that the operator and fireman are fellow-servants, because engaged in the same work of moving trains, if true, would put the subject forever at rest. It would render § 193 nugatory. In *Railroad Co.* v. *Petty*, 67 Miss., 255, and *Lagrone* v. *Railroad Co.*, 67 *Ib.*, 592, it was held that those were fellow-servants who are engaged in the operative work of moving trains. If appellant is right, the law is the same now as it was before the constitution was adopted.

The constitution must be construed along with § 1510, code 1880, which confers upon the wife and child the right to sue, except, when the widow has children, the damages shall be distributed as personal property. The constitution gives the right of action to the *legal* or personal representative. It is admitted that plaintiffs were the surviving heirs of the deceased, and, there being no debts and no administration, they are his legal representatives, and can maintain the suit. Plaintiffs would be jointly entitled to the proceeds of the suit, and as this technical objection was not raised in the lower court, we submit that the judgment should not be disturbed.

CAMPBELL, C. J., delivered the opinion of the court.

Section 193 of the constitution of 1890 gives to an employe of a railroad corporation a right of action in certain states of case specifically defined by it, and, where death ensues, gives a right of action to the "*legal or personal representatives*" of the person injured.

We think a fireman on an engine and a telegraph operator

are engaged in different departments of labor, or "about a different piece of work," in the meaning of the constitution. An action for an injury resulting in death, based on the constitutional provision mentioned, must be brought by the executor or administrator of the decedent. The primary meaning of the term "legal or personal representative," is the executor or administrator, and there is nothing in the constitution to suggest that they were used in a different sense in the section under consideration. The constitution does not give the right of action it creates to parent or child or husband or wife, but to the executor or administrator.

*Because the plaintiffs have no right of action, the judgment is reversed, and cause remanded.*