YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* ELIJAH J. WASHINGTON, ADMINISTRATOR, ET AL.

[45 South., 614.]

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 193. *Railroads. Suit for death of employe. Legal or personal representatives. Fellow-servants.*

   Under constitution 1890, sec. 193, modifying as to railroad corporations, the common-law fellow-servant rule and authorizing suits for the wrongful death of deceased railroad employes, the terms "legal or personal representative" embrace not only his executor or administrator but as well such of the decedent's next of kin as might have sued had he not been an employe. *Illinois, etc., R. R. Co. v. Hunter,* 70 Miss., 471, 12 South., 482, *overruled.*

2. SAME. *Instruction.*

   In order to bring a case within the protection of the constitutional section it is not essential that the injured party should have been executing the order of his superior at the very time of the accident, and an instruction so informing the jury is not erroneous.

FROM the circuit court of Wilkinson county.

HON. MOYSE H. WILKINSON, Judge.

Elijah J. Washington, administrator of the estate of William Washington, deceased, and the widow and infant children of the decedent, appellees, were plaintiffs in the court below; and the railroad company, appellant, defendant there. From a judgment in plaintiff's favor, defendant appealed to the supreme court.

The suit was predicated of section 193, of the state constitution, 1890, and was for the alleged wrongful death of William Washington, an employe of the railroad company, caused by the negligent act or omission of duty by a co-employe of the company, having as was charged the right to control or direct the services of the decedent. The declaration charged that in August, 1906, while the said William Washington was a brakeman on one of the cars of a freight train of the defendant com-

pany, he was thrown from the car because of a derailment of the train resulting from the engine running over a cow on the track; that the engine was in charge of an engineer, a superior agent or officer of defendant, having at the time the right to control and direct decedent's services; and that the engineer recklessly and with gross negligence allowed the engine to collide with and run over the animal upon the track, when, by the exercise of reasonable prudence, the mishap could have been avoided. The railroad company defended on the ground that the occurrence was an unavoidable accident, that the cow was on a curve in the track and could not at the time of the accident have been seen until too late, with the proper use of all appliances, to stop the heavy train before striking the animal; and that the engineer was not a superior of the brakeman, with right to control his services, but was merely his fellow servant on the same train of cars.

The defendant also defended upon the ground that the administrator and next of kin of the decedent were improperly joined as plaintiffs in the same action.

The testimony substantially proved the declaration; the decedent was horribly mutilated, but survived a short while, his death not being instantaneous. The jury found for "the plaintiffs," awarding $1,000 damages, without finding what part of it should go to the administrator and what to the next of kin.

The railroad company assigned as error the action of the circuit court in allowing the suit to be brought by the next of kin jointly with the administrator, insisting that the phrase, "legal or personal representative" in sec. 193 of the constitution gave the right solely to the administrator, citing *Illinois, etc., R. R. Co.* v. *Hunter,* 70 Miss., 471, 12 South., 482.

The railroad company further assigned as error the granting by the trial court of the second instruction for the plaintiff, which was as follows:

"The court instructs the jury, for the plaintiff, that in order to take this case out of the fellow servant rule it is not necessary that the deceased should have been doing the orders of the

engineer at the time he was killed. All that is necessary to be shown is that the engineer had the authority to direct or control the services of said Washington on said train; and, if they believe from the evidence in this case that said engineer had the right to direct or control the services of deceased on said train, then they should find for the plaintiffs."

Sec. 193 of the state constitution, 1890, is as follows:

"Every employe of any railroad corporation shall have the same right and remedies for any injury suffered by him from the act or omission of said corporation or its employes, as are allowed by law to other persons not employes, where the injury results from the negligence of a superior agent or officer, or of a person having the right to control or direct the services of the party injured, and also when the injury results from the negligence of a fellow-servant engaged in another department of labor from that of the party injured, or of a fellow-servant on another train of cars, or one engaged about a different piece of work. Knowledge by any employe injured, of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby, except as to conductors or engineers in charge of dangerous or unsafe cars, or engines voluntarily operated by them. Where death ensues from any injury to employes, the legal or personal representatives of the person injured shall have the same right and remedies as are allowed by law to such representatives of other persons. Any contract or agreement, express or implied, made by any employe to waive the benefit of this section shall be null and void; and this section shall not be construed to deprive any employe of a corporation or his legal or personal representative, of any right or remedy that he now has by the law of the land. The legislature may extend the remedies herein provided for to any other class of employes."

*Mayes & Longstreet,* and *Chalmers Alexander,* for appellant.

Where death ensues from an injury to employes of a railroad corporation, the "legal or personal representatives" of such per-

son have the right, under sec. 193 of the state constitution, to institute suit for recovery of damages resultant from such injury. And under Lord Campbell's Act, as brought forward through the laws of 1898, ch. 65, and at present incorporated in our statute law as Code 1906, § 721, the next of kin are entitled to institute suit in their own names and in the name of one person for others interested. But the rights of the legal or personal representative, that is to say, the administrator (under the decision of CAMPBELL, C. J., in *Illinois Cen. R. R. Co.* v. *Hunter,* 70 Miss., 471, 12 South., 482)', are entirely different from the rights of the next of kin. For the administrator can recover only what his intestate, if living and suing for himself, could recover; while the dependent next of kin of the deceased can recover only for the loss to themselves, irrespective of what the administrator might be able to recover. Hence, under the circumstances, it was erroneous for the court below not to sustain the railroad company's objection as to the joinder of these respective parties as plaintiffs in the same declaration suing for a common sum in damages. How is it to be determined, in case of successful recovery, what proportionate share of the verdict shall belong to the administrator and what share to the next of kin?

But aside from the question of whether the administrator or the next of kin shall be considered the proper party to institute suit, the joinder of the two as plaintiffs in one damage suit based on the same alleged wrongful act of the defendant railroad company was prejudicial to the defendant's rights. While subsequent legislation had to an extent changed the rights of parties since the time of the decision of this court in *McVey* v. *Illinois etc., R. R. Co.,* 73 Miss., 487, 19 South., 209, in so far as regards the right of the personal representative to sue where death was instantaneous, yet there has been no change in legislation such as to affect that part of the decision in the *McVey case* holding that a cause of action which survives to the personal representative as one that the deceased might have sued on cannot be joined with the cause of action vested in the widow by Lord

Campbell's Act set forth in Code 1892, § 663, brought forward in amended form in ch. 65 of the acts of 1898 and now incorporated into Code 1906, § 721. Aside from the decision in the *McVey case, supra,* it is apparent from a common-sense view that it would not be fair to the defendant company to allow, over its objection, the right of the decedent himself and the separate rights of the dependent next of kin to be passed upon in the same suit. Code 1892, § 663, as amended by Acts of 1898, ch. 65 (the law in force when the injury to the deceased brakeman, Washington, took place) is said by WHITFIELD, C. J., in the case of *Bussey* v. *Gulf, etc., R. R. Co.,* 79 Miss., 609, 31 South., 212, to relate to "cases arising under the general law as existing before the constitution of 1890." It thus related to causes of action based on liability existing under the general law of negligence, and in no way to causes of action resulting from injuries inflicted by fellow servants. Sec. 193 of the state constitution, 1890, on which alone, the administrator, as being the legal or personal representative of the intestate, can stand and sue, according to *Railroad Company* v. *Hunter,* 70 Miss., 471, 12 South., 482, relates exclusively to actions by employes for injuries due to the negligence of the fellow servants named in the constitutional section.

It is of course evident that the administrator can recover only if the intestate decedent could recover if alive. In the *Bussey case,* 79 Miss., 597, 31 South., 212 (the first appeal), this court distinctly stated that sec. 193 of the constitution (under which alone the administrator has a right to sue, according to the *Hunter case, supra*) does not relate to cases arising under the general law of negligence of the master but solely to acts or negligence of certain named fellow servants. Now, on the allegations of the declaration in this case the decedent brakeman, if living, would have had a cause of action against the railroad company for the simple reason that the declaration (doubtless following the recitals held sufficient in the *Cheaves case,* 82 Miss., 48, 33 South., 649, 34 South., 385), alleged the necessary allegations as to the

superior agency of the engineer sufficiently to bring the cause, on pleadings alone, within the terms of the constitutional section. But, while thus able to hold his grounds against a demurrer to the declaration, the decedent in such case would not have been able subsequently, on trial on the merits, to maintain his action on the facts. For he would have had to prove the relationship of himself as a subordinate to the engineer. And, now, in the present suit, a like obligation existed upon the administrator and yet, in fact, rests upon him. When it comes to proof that the brakeman and engineer were not fellow servants on the same train, the burden rests solely upon the plaintiffs. While this court has to an extent limited the rule laid down by CAMPBELL, C. J., in the case of *Evans* v. *R. R. Co.,* 70 Miss., 527, 12 South., 581, by the more recent utterances of WHITFIELD, C. J., in the later case of *Cheaves* v. *Southern R'y Co.,* 82 Miss., 48, 33 South., 649, 34 South., 385, yet, in this latter case this court did not say that, as a matter of law, the allegations of the opinion in the *Evans case, supra,* would be held wrong; JUSTICE WHITFIELD's opinion being to the effect that it would be more advisable to reserve opinion on the relationship of the engineer and other servant of the master, on the train, until the evidence should disclose the nature of the relationship as habitually existing.

The instructions sought by the co-plaintiffs, the appellees here, show that they were well aware of the narrow space before them and through which they must squeeze, for the jury are asked to pass upon alleged issues of facts as to whether there was or not any actual relation of the engineer and brakeman to each other as fellow servants.

Now, let us consider this case from the view-point of the recovery by the next of kin. What right have the widow and children of the deceased brakeman to recover? The facts in the case, from this latter point of view, of course remain the same. The only way in which the widow and children may recover is under the amended Lord Campbell's act, ch. 65, of the laws of

1898.  This statute of our state extended the remedy, when the remedy existed, to all of the relatives mentioned in the act, giving only one suit for recovery of damages of all kinds arising *ex delicto*.  The statute in question did not seek to define what wrongful or negligent acts would give' rise to an action, nor did it in any way qualify the fellow-servant rule.  It took the law of negligence as it found it, and merely dealt with the question of who should bring the suit and with the question of the measure of damages.  This court has said, in the case of *Bussey* v. *Gulf, etc., R. R. Co.,* 79 Miss., 609, 31 South., 212, that Lord Campell's act, as existing in its amended form in ch. 65 of the acts of 1898, is "a statutory scheme whereby rights of action arising under the general law of negligence are provided for and have been maintained and improved,—a complete scheme relating wholly to causes of action antedating the constitution of 1890 and having nothing to do with rights of action arising from the negligence of fellow servants.  .  .  .  The principle of Lord Campbell's act applies to all employes when the injuries are due to the *negligence of the master."*     Now, manifestly, it cannot be held that any claim of any kind can be asserted against the defendant railroad company save through the acts of the engineer.  The *master* is not charged with negligence.  It is only the negligence of the fellow servant in the position of superior agency that is complained of.  But, under the circumstances shown in evidence, the alleged delinquency of the engineer will not avail.  On the facts the case must fail as to the widow and children's right to press the suit.

The second instruction granted to the plaintiffs is erroneous, for, after stating the abstract principles of law as to fellow servants, its says that "if they (the jury) believe from the evidence in this case that said engineer had the right to control or direct the services of deceased on said train, then they should find for the plaintiffs."  Why should they?  Would this mere decision of facts alone make the company liable?  That is to say, if the engineer was the superior officer of the deceased brakeman, the

mere finding as to this (and nothing further) eliminates all question as to unavoidable accident, *vis major,* injury sustained from a fellow brakeman or flagman's act or omission on the same train of cars, etc. . There is nothing in the instruction to show, what may have been doubtlessly meant, namely, that, in addition to the conditional circumstances mentioned, if the jury should *furthermore* find that the injury to the deceased resulted from a negligent act of the engineer, *then* (and not till then) the company would be liable. We call attention to this for the reason that the instruction, as granted, without doubt placed a wrong view in the minds of the jury as to the inadequacy of the defense of unavoidable accident made by the railroad company. Again, as regards the language of this second instruction for plaintiffs, what right had the widow and children, that is to say, the plaintiffs other than the administrator, to ask this instruction? The evidence discloses no negligence nor default of any kind save as to the act, not of the master, but of the engineer, an employe. As stated in *White* v. *Railroad Co.,* 72 Miss., 13, 16 South., 248, it is only where an employe is killed through the negligence of a fellow servant that the action must be brought by the personal representative. But where the alleged liability is that of the engineer's negligence, the widow and children should not be heard in the case as plaintiffs. The second instruction for plaintiffs however states, incorrectly, that if the jury believe that the engineer was the superior officer of the deceased, not only the personal representative but also the widow and children may recover.

*McKnight & McKnight,* for appellees.

This suit was brought strictly under the provisions of section 193 of the constitution, 1890, the basis of this action being the wrong done to an employee of a railroad corporation by the act or omission of another employee of said corporation. Chapter 66, p. 85, laws of 1898, was held by this court to be unconstitutional in the case of *Ballard* v. *Cotton Oil Co.,* 81 Miss., 507,

34 South., 533, and it being true that no other legislation seems to have been had upon this subject between the laws of 1898 and the Code of 1906, and it being further true that the Code of 1906 did not go into effect until October 1906, while the death of Washington occurred on the 28th day of August, 1906, it follows that the rights of the plaintiffs in this suit are based entirely upon the provisions of section 193 of the state constitution. If we are correct in this, then no one except the legal or personal representatives, who are held in *Railroad* v. *Hunter,* 70 Miss., 471, 12 South., 482, to be the executor or administrator, could sue in this case. If we are correct again, then it follows that there is nothing in the contention of appellants that the administrator of Washington should not be a party to this suit, for indeed it would seem that he is the only proper party.

If out of abundant caution, brought about by the apparent uncertain status of the law on this point, the widow and the children of deceased have been joined with the administrator in this suit as plaintiffs, it can work no harm, because, as held in the *Evans case,* 70 Miss., 527, 12 South., 581, it would be considered as a suit in favor of the administrator. But if there is any error as to parties, it is not reversible error, as appellant is not concerned about how the amount recovered will be divided between the appellees. The only question affecting its interest is as to whether there should be any recovery at all.

This case comes within the *Cheaves case,* 82 Miss., 48, 33 South., 649; 34 South., 385, both as to allegation and proof. Opposing counsel do not controvert the proposition that the declaration comes within the rule of the *Cheaves case* further than to say in effect that the allegation was made to prevent the effect of a demurrer. But, aside from the allegations of the pleadings, it will be found that the facts in evidence, and the rules of the appellant company which were read before the jury, sustain the claim by appellees that the deceased brakeman, Washington, was habitually under the control of the engineer of the train. By the rules of the company, the

engine-man is made unquestionably the superior of every man in the crew except the conductor, and is made co-equal with the conductor.   For example, rule 105 is as follows: "Both conductor and engine-men are responsible for the safety of their trains and under conditions not provided for by the rules must take every precaution for their protection."   Here the responsibility is as much on the engine-men as on the conductor and the precaution required is equally on both engineer and conductor, while this rule puts no responsibility for the safety of the trains on nor requires any precaution of the brakeman or other members of the crew.   Rule 736 provides as follows: "The proper place for freight brakeman is on top of trains when in motion," and this rule is followed by rule 787, which reads as follows: "When permitted to ride on the engine, they must promptly obey the orders of the engine-man to return to their position on the top of the train."   The latter of these rules (787) shows the right of the engineer to order the brakeman and the duty of the brakeman to obey the orders of the engineer as plain as English language can make it.

Rule No. 822, with reference to engine-men, is as follows: "They are jointly responsible with the conductor for the *safety of the train* and the proper observance of the rules; and although they are under the direction of the conductor with regard to the management of trains, they will not comply with any instructions which imperil the safety of the train or involve a violation of rules."   Words cannot make the joint responsibility of the engine-man with the conductor stronger or plainer than this rule.   The conductor and engine-man are jointly responsible for two things: first, the safety of the train and, second, the proper observance of the rules, but this is not all; this rule states further that although the engineer is under the direction of the conductor with regard to the management of the train, the engineer has the right to refuse compliance with any instruction which imperils the safety of the train or involves a violation of the rules.   Neither the brakeman nor any other member of

the crew except the engineer is made jointly responsible with the conductor, neither are they given the right to refuse to comply with any instruction nor to exercise any discretion as to whether instructions imperil the safety of the train or involve a violation of the rules. The engine-man is co-equal with the conductor in sitting in judgment upon what would "involve a violation of rules" but no brakeman nor other member of the crew has such authority. And this is followed by rule 823, which provides as follows: "When there is no conductor or when the conductor is disabled, the engine-man will, unless otherwise directed, have charge of the train and will be governed by the rules prescribed for conductors. On double headers the senior engine-man will assume these duties."

Under these rules, and without the testimony of E. J. Washington, the administrator, the engine-man is shown to be the superior of every other man in the crew except the conductor and is a co-equal with the conductor as to "the safety of the trains and the proper observance of the rules." No other member of the crew occupies the same position, but all others are subordinate to the conductor and engineer and therefore the engineer was a superior agent or officer of the deceased brakeman, having the right to control and direct his services, and consequently the plaintiffs have the right to recover for the death of the brakeman on account of the negligence of the engineer.

We think that the charge of gross negligence on the part of the engineer in not seeing the cow and in not preventing the accident by a proper and timely caution is so fully sustained by the proof as to establish his incompetency for the place which he was employed by the appellants to fill.

WHITFIELD, C. J., delivered the opinion of the court.

The only observation which we care to make, in this case is that the case of *Railroad Co.* v. *Hunter,* 70 Miss., 471, 12 South., 482, was practically overruled in the *Bussey case,* 79 Miss., 609, 31 South., 212; but, in order that there may be no

further misunderstanding about it, we here and now expressly overrule the case of *Railroad Co.* v. *Hunter,* 70 Miss., 471, 12 South., 482.

The phrase "legal or personal representatives," in section 193 of the constitution, embraced not only the executor or administrator, but the heirs or next of kin, as the case might be.    It was perfectly idle to have put the disjunctive "or" in the sentence, if the purpose was to limit suit to the personal representative, the executor, or the administrator.    Both are made plaintiffs in this action; that is to say, the widow and the children, and also the administrator.    We do not think any prejudice has occurred, looking back over the completed record, by virtue of having both as plaintiffs.    The very able and ingenious brief of the learned counsel for appellant does not, we think, point out any reversible error.

The second instruction for the plaintiffs, which is complained of, was not intended to cover the law of the case, except as to the point charged about.    The criticism takes too narrow a view of the charge.    The thing involved was simply to point out to the jury what the law would be, under section 193 of the constitution, under which this suit was brought, if the evidence showed the engineer was a superior agent exercising authority and control over the brakeman.    To show that this is the correct view of the instruction, the court gave an instruction for the defendant, No. 2, the conclusion of which is in these words: "Unless they believe from the evidence that the engineer had the right to direct or control the services of the deceased"—which is the same principle asked for by the plaintiff.    In other words, both the plaintiffs and the defendant below secured from the court an instruction announcing the same principle of law on this point.

*Affirmed.*