HILL, PLAINTIFF-APPELLANT *v.*
JAMES, et al., DEFENDANT-APPELLEE

No. 43518          May 17, 1965          175 So. 2d 176

*Ray, Spivey & Cain,* Canton; *Travis & Travis,* Hattiesburg, for appellant.

*M. M. Roberts,* Hattiesburg, for appellee.

PATTERSON, J.

This is an appeal from the Circuit Court of Forrest County, Mississippi, for personal injuries received by the appellant, Harold E. Hill, in an accident while a passenger in the automobile of Wayne H. James. From an adverse verdict the plaintiff appeals.

On the evening of October 27, 1962, Harold E. Hill, a resident of the state of Louisiana, was traveling as a passenger in the automobile of Wayne H. James, also a resident of Louisiana, in a northerly direction on U. S. Highway 11 in Forrest County, Mississippi. The James automobile, when about two miles south of the city of Hattiesburg, collided with the automobile of one David R. Potin. James died as the result of the collision. Hill and Potin were injured.

Hill brought this suit against Potin, a resident of Forrest County, Mississippi, and against Mrs. Kathleen M. Gaines James, the widow of Wayne H. James, and against Wayne H. James, Jr. and Kevin Ray James, minors, the sons of Mrs. Kathleen M. Gaines James and Wayne H. James, deceased. The suit was brought under the provisions of Mississippi Code Annotated section 9352-61 (Supp. 1964), against Mrs. James, the widow, and the two minor children, the sons of decedent, in their individual capacities and not against an administrator or executor of the decedent's estate.

A settlement was attained between the plaintiff and the defendant Potin, resulting in his release from the suit. The subsequent trial was thus between Hill, a resident of Louisiana, and the widow and children of James, who are also residents of Louisiana.

The first issue for the Court to determine is whether jurisdiction was acquired of the nonresident defendants by the provisions of Mississippi Code Annotated section 9352-61 (Supp. 1964). The pertinent parts thereof are as follows:

The acceptance by a nonresident of the rights and privileges conferred by the provisions of this act, as evidenced by his operating . . . a motor vehicle . . . in this state . . . shall be deemed equivalent to an appointment by such nonresident of the Secretary of State of the State of Mississippi to be his true and lawful attorney, upon whom may be served all lawful

processes . . . in any action . . . growing out of any accident . . . while operating a motor vehicle . . . in this state. . . . The venue of such action shall be either in the county where the cause of action accrued or in the county in which the plaintiff resides. Any cause of action arising out of such accident . . . against any such nonresident, in case of the death of such nonresident, shall survive against his administrator, executor *or other personal representative of his estate,* and service of. . . process . . . when had . . . upon any such nonresident owner, nonresident operator or agent or employee, or upon the executor, administrator *or other legal representative of the estate* of such nonresident . . . shall be deemed sufficient . . . to give any court of this state, in which such action may be filed . . . jurisdiction over the cause of action and over the nonresident owner, nonresident operator or agent or employee, or the nonresident executor, or administrator of such nonresident owner or nonresident operator, defendant or defendants, and shall . . . authorize personal judgment against such nonresident owner, nonresident operator, agent, employee, executor or administrator *or other legal representative of the estate* of such nonresident owner or nonresident operator, defendant or defendants. . . .

The . . . relationship created under the provisions of this act . . . in the event of the death of such nonresident . . . operator of such motor vehicle, shall survive and continue and extend to his executor, administrator *or other legal representative of his estate,* and the Secretary of State of the State of Mississippi shall be in the same position and relationship with respect to the executor, administrator *or other legal representative of the estate* . . . as he was in . . . had such nonresident owner or nonresident operator survived; and in any action arising or grow-

ing out of such accident . . . in which such nonresident . . . has died . . . service of process . . . may be had . . . upon the nonresident executor, administrator *or other legal representative of the estate* of such nonresident owner . . . it shall be deemed sufficient service . . . to give any court in this state in which such action may be filed . . . jurisdiction over the cause of action and over such nonresident executor or administrator of such nonresident owner or operator of such motor vehicle insofar as such cause of action is involved. (Emphasis added.)

We are of the opinion and so hold that Mississippi Code Annotated section 9352-61 (Supp. 1964) extensively quoted above and upon which the appellant relies for jurisdiction of this suit does not authorize an action to be brought against the widow or minor children of a nonresident decedent in their individual capacities.

We have analyzed the Mississippi cases defining the term "legal representative" and have endeavored to find cases defining "personal representative" to no avail. Those dealing with the former term are *Stringer v. Price,* 143 Miss. 189, 108 So. 431 (1926); *Yazoo & Mississippi Valley R. R. Co. v. Washington,* 92 Miss. 129, 45 So. 614 (1907); *Allen v. Alliance Trust Co.,* 84 Miss. 319, 36 So. 285 (1904); *Fuller v. Davis,* 63 Miss. 78 (1885); and *Grand Gulf R. R. & Banking Co. v. Bryan,* 16 Miss. 234 (1847). This effort was made to determine the usage ordinarily given to the term "legal representative" so that the legislative intent in the present statute might be determined with exactness.

This Court stated in *Grand Gulf supra* that:

But we deny that the words "legal representatives," as used in the act of congress, mean children, or heirs only. In legal parlance, the executor or administrator is most commonly called the legal representative. (16 Miss. at 275.)

And in Allen *supra* we find an extensive definition of the term "legal representative" substantially as follows:

> as to the meaning of the phrase "legal representatives" as we understand the best modern authorities to define it . . . the phrase has no hard and fast meaning. It usually means executors or administrators; but it cannot, of course, mean executors and administrators only, in whatever instrument it may appear. . . . The court . . . must seek to find the purpose of the party using it in using it as he does. . . . So the authorities clearly demonstrate that it may, in various circumstances, mean executors, administrators, heirs, legatees, assignees, and devisees. . . . In short, it may mean any person or corporation taking the beneficial interest in property, real or personal. One is not usually within the definition of "legal representative" . . . unless he represents the other in beneficial ownership. (84 Miss. at 328.)

And in Yazoo & Mississippi Valley *supra* we find:

> The phrase "legal or personal representatives," in section 193 of the constitution, embraced not only the executor or administrator, but the heirs or next of kin, as the case might be. It was perfectly idle to have put the disjunctive "or" in the sentence, if the purpose was to limit suit to the personal representative, the executor, or the administrator. (92 Miss. at 140.)

And in Black's Law Dictionary (4th ed. 1951) the term "legal representative" is defined as follows: "The term in its broadest sense, means one who stands in place of, and represents the interest of, another." And further in the same volume, we find "personal representative" defined as "executors and administrators of persons deceased; but it may have a wider meaning, according to the intention of the person using it, and

may include heirs, next of kin, descendants, assignees, grantees, receivers, and trustees in insolvency.''

■■ The Court must seek the intent of the Legislature from the wording of its enactment by giving ordinary usage to the language there employed. **(Hn 3)** By so doing we are of the opinion that the terms ''personal representative'' and ''legal representative'' are synonomous as used in this statute. In each instance that the phrases ''personal representative of his estate'' or ''legal representative of the estate'' are used they are preceded by the word ''administrator, executor *or other*'' (Emphasis added.), then follows either ''personal representative of his estate'' (one instance) or ''legal representative of the estate'' (five instances) thus indicating that the latter are of the same general nature and import as the preceding words administrator or executor.

■■ Either of these preceding words, ''administrator'' or ''executor'' refers to the legal representative of an estate, and though the method of appointment as to each might differ, one by law and the other by will, each signifies a representative capacity as distinguished from an individual capacity. ■■ The following words ''or other legal representative of the estate'' being of the same general nature or import as the former words, in our opinion, likewise signify a person or persons acting for the benefit of another in a legal or representative capacity such as an administrator *cum testamento annexo*, administratrix, executrix, administrator *de bonis non*, administrator *de bonis non cum testamento annexo*, and others in a like position or class distinct from one as an individual or one in an individual capacity. See *Wilbourn v. State*, 249 Miss. 835, 164 So. 2d 424 (Miss. 1964) and *Gaston v. State*, 239 Miss. 420, 123 So. 2d 546 (1960).

We are of the opinion, therefore, that the lower court did not have jurisdiction of the widow and minor chil-

dren of Wayne H. James, deceased, and that it erred in not dismissing the cause.

Dismissed.

*Lee, C. J., and Ethridge, Gillespie and Inzer, JJ.,* concur.