# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-IA-02144-SCT

*GLORIA POCHE SEALY, DOUGLAS PAUL SEALY, RACHEL SEALY KIMBLE AND PATRICE SEALY TORRES*

*v.*

*MICHAEL EDWARD GODDARD, III BY HIS NEXT FRIEND JEANIE DANOS AND JEANIE DANOS, INDIVIDUALLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/18/2003 |
| TRIAL JUDGE: | HON. MICHAEL R. EUBANKS |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | LAWRENCE CARY GUNN, JR. |
| ATTORNEYS FOR APPELLEES: | MORRIS SWEATT |
| | JAMES COLEMAN RHODEN |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND RENDERED - 02/10/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE COBB, P.J., CARLSON AND RANDOLPH, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     In this case of first impression arising under our long-arm statute, Miss. Code Ann. § 13-3-57 (Rev. 2002), Gloria Poche Sealy, Douglas Paul Sealy, Rachel Sealy Kimble and Patrice Sealy Torres ("Sealy heirs") appeal the trial court's denial of their motion to dismiss or in the alternative, to quash summons, and therefore, assuming personal jurisdiction over them in their individual capacities. Finding that the trial court erred in determining that the provisions of Miss. Code Ann. § 13-3-57 provided personal jurisdiction over the Sealy heirs,

we reverse the order of the Lamar County Circuit Court and render judgment here in favor of the Sealy heirs dismissing the amended complaint and action without prejudice for lack of personal jurisdiction.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.    On April 6, 1999, George W. Sealy, a Louisiana resident, was driving his vehicle on a public road within the confines of Little Black Creek State Park in Lamar County, Mississippi, when he struck a pedestrian, eighteen-month-old Michael Edward Goddard, III.   Although we do not know the extent of Michael's injuries, the original complaint alleged that Sealy's vehicle ran over Michael's body and head, causing severe injuries.   On April 3, 2002, Michael's mother, Jeanie Danos, an adult resident citizen of Mississippi,   commenced a lawsuit in the Circuit Court of Lamar County.   The complaint was styled, "Michael Edward Goddard, III, By His Next Friend, Jeanie Danos, and Jeanie Danos, Individually vs. George W. Sealy."   Since no responsive pleading had been filed, the plaintiffs, consistent with the provisions of Miss. R. Civ. P. 15(a), filed an amended complaint on April 17, 2002.   In the amended complaint, the named defendants were "George W. Sealy and United Agents Insurance Company, In Receivership, and Louisiana Insurance Guaranty Association."[1]

¶3.    On June 6, 2002, the Louisiana Insurance Guaranty Association (LIGA), through counsel, filed a motion to dismiss and a suggestion of death, with an attached certified copy

---

[1]The plaintiffs concede that in this case, Mississippi law does not permit a direct action against the insurance companies, but they allege that this amendment was necessary on advice of Louisiana counsel and consistent with Louisiana law, which purportedly required that the insurance carrier and the guaranty association be named as co-defendants. The plaintiffs believed that once these amended pleadings were filed, there would be a likelihood that an amicable settlement would be reached with the insurance entities.

of a death certificate from the Vital Records Registry of the state of Louisiana. The death certificate revealed that George W. Sealy, age 79, died of natural causes on August 11, 2000, in Houma, Terrebonne Parish, Louisiana. In their response to LIGA's motion to dismiss, the plaintiffs conceded that the insurance carrier and LIGA should be dismissed as party defendants, and in fact incorporated into their motion to dismiss, a motion to substitute party wherein the plaintiffs requested the circuit court to substitute "The Estate of George W. Sealy, deceased," in the stead of "George W. Sealy." In due course, the trial court dismissed LIGA,[2] and additionally, on the plaintiffs' motion and by separate order, the trial court directed that an alias summons be issued for service upon "the Estate of George Sealy, Deceased, c/o Honorable Milton Cancienne, Jr., P. O. Box 6035, Houma, Louisiana 70361, attorney for said Estate."[3] The attorney received the summons via certified mail. In both the order dismissing LIGA and the order directing issuance of the alias summons, the named defendants in the style of the orders were "George W. Sealy and United Agents Insurance Company, In Receivership and Louisiana Insurance Guaranty Association."

¶4. Although already dismissed as a party, LIGA filed an amicus curiae motion to dismiss alleging inter alia that the Circuit Court of Lamar County had not acquired jurisdiction. Among the reasons asserted by LIGA in support of its motion to dismiss were (1) that prior to the commencement of the lawsuit, Sealy had died in Louisiana and his estate had been opened,

---

[2]United Agents Insurance Company was *not* dismissed by this order.

[3]The order directing the issuance of the alias summons still listed LIGA as a named defendant, even though this order was entered more than three months after the entry of the order dismissing LIGA from this lawsuit.

3

administered and closed in accordance with Louisiana law;[4] (2) that service of process was not completed upon Sealy or his estate; (3) that the plaintiffs' motion to substitute Sealy's estate as a defendant was meritless since at the time of the motion, Sealy's estate had been closed and not re-opened; and, (4) that the Louisiana attorney for the estate was without authority to accept service of process since the estate had been closed.    Although the plaintiffs objected to LIGA's filing of an amicus curiae motion since LIGA had been dismissed as party, the trial court thereafter entered an order in response to LIGA's amicus curiae motion to dismiss, but did not dismiss the lawsuit.  Instead, the order stated in its entirety.

> Upon motion by the Louisiana Insurance Guaranty Association, appearing as *amicus curiae*, this Court finds that service upon Milton Cancienne, Jr., a Louisiana attorney, was not properly effected and did not act as service on the estate of George W. Sealy, deceased, as the estate was administratively closed before the plaintiff (sic) filed suit on April 3, 2002.

> WHEREFORE, for good cause shown, this Court dismisses the attempted service upon Milton Cancienne, Jr., as defective, and grants the plaintiff (sic) sixty (60) additional days to reopen the estate of George W. Sealy and effect service of process upon the estate.

The style of this order listed the defendants as "George W. Sealy & United Agents Insurance Company."

¶5.    Approximately one and one-half months after entry of this order, the trial court granted the plaintiffs leave to have alias process issued for Gloria Poche Sealy, Patrice Sealy Torres, Douglas P. Sealy, and Rachel Sealy Kimble (the Sealy heirs).  The style of this order listed the defendants as "Estate of George W. Sealy, Deceased and United Agents Insurance Company,

---

[4]For the sake of clarity, we note that a "succession" is Louisiana's version of an estate.

4

In Receivership." An alias summons was issued for service upon each of the Sealy heirs, and, although these individuals were not parties to the litigation, each summons directed the therein named heir to file responsive pleadings to the attached amended complaint within thirty days of service of process, failing which the named individual would suffer a judgment by default.[5] Counsel for the plaintiffs thereafter submitted written proof of service on the Sealy heirs to the Lamar County Circuit Clerk.

¶6. LIGA once again appeared amicus curiae, over the plaintiffs' objection, and filed a motion to dismiss alleging inter alia that process on the individual heirs was invalid since the complaint had never been amended to include the individual heirs; that no claim of negligence or liability had been asserted against any of the heirs; and, that Sealy's estate had long since been closed. In its motion, LIGA requested that the trial court dismiss with prejudice all claims against the estate, or alternatively, that the trial court quash process as to the Sealy heirs. The trial court denied LIGA's motion, stating in its order inter alia that the court had subject matter jurisdiction in this case; and, that the court had personal jurisdiction over the Sealy heirs pursuant to Miss. Code Ann. § 13-3-57. Of considerable import is this additional finding by the circuit court:

> This Court finds that the successors of George W. Sealy's Estate, namely, Douglas P. Sealy, Patrice Sealy Tones (sic), Gloria Poche Sealy, and Rachel Sealy Kimble, are defendants in this cause of action as said successors to George W. Sealy, deceased, and said successors have been duly served with notice and process of this Court under the Long Arm Statute of Mississippi, i.e.,

---

[5]Each summons directed the Sheriff of Lamar County or the Sheriff of "Parish of Louisiana (sic)" to summons the therein named individual, each of whom was identified as a "Resident of the State of Louisiana."

5

§ 13-3-57 Miss. Code Ann. (1972, as amended) and Mississippi Rules of Civil Procedure.

The trial court thus denied LIGA's motion to dismiss and ordered that since the Sealy heirs had been "duly served" with process, they were to file responsive pleadings to the amended complaint within thirty days of the date of the order. The style of this order listed the named defendants as "George W. Sealy, and United Agents Insurance Company, In Receivership."

¶7.     LIGA thereafter filed a motion requesting the trial court to amend its order denying dismissal by adding the required M.R.A.P. 5 language so that it could file a petition for an interlocutory appeal with this Court.   While this motion was pending before the trial court, the Sealy heirs, in accordance with the court's prior order, filed responsive pleadings to the amended complaint and in these responsive pleadings, the Sealy heirs alleged inter alia that (1) the trial court did not have subject matter jurisdiction; (2) the trial court did not have personal jurisdiction over them; (3) the complaint and amended complaint failed to state a claim upon which relief could be granted; (4) the complaint and amended complaint had never been amended to name them as party-defendants; and, (5) they committed no tort within the state of Mississippi nor did the plaintiffs assert that they (Sealy heirs) were negligent or that they in any way contributed to any injuries or damages suffered by the plaintiffs. The trial court thereafter, on motion of the plaintiffs, entered an order which "deleted" United Agents Insurance Company as a party.   In the style of this "Order Amending Case to Delete Party," the named defendants were "The Estate of George W. Sealy, Deceased and United Agents Insurance Company, In Receivership."   On the same date as the entry of this order, the trial

6

court entered another order entitled "Order to Rename Party" which directed that George W. Sealy "should be succeeded herein by *The Estate of George W. Sealy* or *The Succession of George W. Sealy* under Louisiana law."[6]  In the style of this order, the named defendants were "George W. Sealy and United Agents Insurance Company, In Receivership."

¶8.	In due course, the trial court denied LIGA's motion to certify this case for an interlocutory appeal.  In the style of this trial court order denying certification for an interlocutory appeal, the named defendants were "George W. Sealy, and United Agents Insurance Company, In Receivership."[7]  Notwithstanding the denial of trial court certification, the Sealy heirs, in accordance with the express language of M.R.A.P. 5(a), timely petitioned this Court for an interlocutory appeal, which was granted by a three-justice panel of this Court.

## DISCUSSION

¶9.	The Sealy heirs raise the following issue before this Court:

> **I.	Whether Louisiana heirs of a deceased nonresident motorist may be sued in Mississippi where none of them have committed any of the acts enumerated under the long-arm statute for personal jurisdiction.**

¶10.	When the issue presented is one of law instead of one of fact, the standard of review is de novo. *Ellis v. Anderson Tully Co.*, 727 So.2d 716, 718 (Miss. 1998). In today's case, the

---

[6]While both the "Order Amending Case to Delete Party" and the "Order to Rename Party" were entered on September 10, 2003, the "Order to Rename Party" was dated July 26, 2002, more than a year prior to the actual entry of the order.  There is no language contained in the order that it was a "nunc pro tunc" order.

[7]While there was inconsistency in the naming of the defendant(s) in each of the orders thus far mentioned, there was total consistency in these orders (and all pleadings) in naming as plaintiffs "Michael Edward Goddard, III, By His Next Friend, Jeanie Danos, and Jeanie Danos, Individually."

7

issue presented is whether a Mississippi trial court had personal jurisdiction over Louisiana residents pursuant to the long-arm statute. Thus, the correct standard of review for this case is without doubt de novo. *Tel-Com Management, Inc. v. Waveland Resort Inns, Inc.*, 782 So.2d 149, 151 (Miss. 2001).

¶11. The Sealy heirs argue that, although the trial court asserted personal jurisdiction over them pursuant to the long-arm statute, none of the grounds for exercising jurisdiction enumerated in the statute are met in this case. Our long-arm statute, Miss. Code Ann. § 13-3-57 (Rev. 2002), provides in pertinent part:

> Any nonresident person. . . not qualified under the Constitution and laws of this state . . . who shall commit a tort in whole or in part in this state against a resident or nonresident of this state. . . shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.
>
> Any such cause of action against any such nonresident, in the event of death or inability to act for itself or himself, shall survive against the executor, administrator, receiver, trustee, or any other selected or appointed representative of such nonresident. Service of process or summons may be had or made upon such *nonresident executor, administrator, receiver, trustee or any other selected or appointed representative* of such nonresident as is provided by the Mississippi Rules of Civil Procedure, and when such process or summons is served, made or had against the *nonresident executor, administrator, receiver, trustee or other selected or appointed representative* of such nonresident it shall be deemed sufficient service of such summons or process to give any court in this state in which such action may be filed, in accordance with the provisions of the statutes of the State of Mississippi or the Mississippi Rules of Civil Procedure, jurisdiction over the cause of action and over such *nonresident executor, administrator, receiver, trustee or other selected or appointed representative* of such nonresident insofar as such cause of action is involved.
>
> . . . .

(emphasis added). The Sealy heirs have done no business, made no contract and committed no tort in the state of Mississippi.

¶12. Although this Court has not had occasion to apply our long-arm statute in a case factually similar to today's case, the Sealy heirs contend the case of **Hill v. James**, 252 Miss. 501, 175 So. 2d 176 (1965), offers guidance to this Court in finding that the circuit court does not have personal jurisdiction over them.

¶13. In **Hill**, wherein this Court had occasion to apply our non-resident motorist statute, we held that the widow and children of a deceased non-resident motorist could not be individually sued for the motorist's negligence. 252 Miss. at 506, 175 So. 2d at 178. The suit was brought under the provisions of 1942 Miss. Code Ann. § 9352-61 (Supp. 1964), which was the predecessor statute to Miss. Code Ann. § 13-3-63 (Rev. 2002). We quote only so much of our non-resident motorist statute as was quoted in **Hill**, and in so doing, we will quote the language from the 1942 Code section as it appeared in **Hill** with footnotes to indicate the minor differences between the language of section 9352-61 and section 13-3-63: The acceptance by a nonresident of the rights and privileges conferred by the provisions of this act,[8] as evidenced by his operating *** a motor vehicle *** in this State[9] *** shall be deemed equivalent to an appointment by such nonresident of the Secretary of State of the State of Mississippi to be his true and lawful attorney, upon whom may be served all lawful processes *** in any action *** growing out of any accident *** while operating a motor vehicle ***

---

[8]Miss. Code Ann. § 13-3-63 uses the word "section."

[9]In Miss. Code Ann. § 13-3-63, each time the word "state" appears, the letter "s" is not capitalized (except in the phrases "Secretary of State" and "State of Mississippi"), whereas in the 1942 code section, it is.

in this State. *** The venue of such action shall be either in the county where the cause of action accrued or in the county in which the plaintiff resides.[10]

Any cause of action arising out of such accident *** against any such nonresident, in case of the death of such nonresident, shall survive against his administrator, executor or *other personal representative of his estate*, and service of *** process *** when had *** upon any *** such nonresident owner, nonresident operator or agent or employee, or upon the executor, administrator *or other legal representative of the estate* of such nonresident *** shall be deemed sufficient *** to give any court of this State, in which such action may be filed *** jurisdiction over the cause of action and over the nonresident owner, nonresident operator or agent or employee, or the nonresident executor, or administrator of such nonresident owner or nonresident operator, defendant or defendants, and shall *** authorize personal judgment against such nonresident owner, nonresident operator, agent, employee, executor or administrator *or other legal representative of the estate* of such nonresident owner or nonresident operator, defendant or defendants ***.

The *** relationship created under the provisions of this act[11] *** in the event of the death of such nonresident *** operator of such motor vehicle, shall survive and continue and extend to his executor, administrator *or other legal representative of his estate*, and the Secretary of State of the State of Mississippi shall be in the same position and relationship with respect to the executor, administrator *or other legal representative of the estate* *** as he was in *** had such nonresident owner or nonresident operator survived; and in any action arising or growing out of such accident *** in which such nonresident *** has died *** service of process *** may be had *** upon the nonresident executor, administrator *or other legal representative of the estate* of such nonresident owner *** it shall be deemed sufficient service *** to give any court in this State in which such action may be filed *** jurisdiction over the cause of action and over such nonresident executor or administrator of such nonresident owner or operator of such motor vehicle insofar as such cause of action is involved.

---

[10]This sentence is omitted from Miss. Code Ann. § 13-3-63.

[11]See footnote 8.

252 Miss. at 504-06, 175 So.2d at 177-78 (emphasis in original). In determining whether

jurisdiction was acquired over the non-resident defendants, we stated:

> The Court must seek the intent of the Legislature from the wording of its
> enactment by giving ordinary usage to the language there employed. By so doing
> we are of the opinion that the terms 'personal representative' and 'legal
> representative' are synonymous as used in this statute. In each instance that the
> phrases 'personal representative of his estate' or 'legal representative of the
> estate' are used they are preceded by the word 'administrator, executor *or
> other*' (Emphasis added.), then follows either 'personal representative of his
> estate' (one instance) or 'legal representative of the estate' (five instances) thus
> indicating that the latter are of the same general nature and import as the
> preceding words administrator or executor.
>
> Either of these preceding words, 'administrator' or 'executor' refers to the legal
> representative of an estate, and though the method of appointment as to each
> might differ, one by law and the other by will, each signifies a representative
> capacity as distinguished from an individual capacity. The following words 'or
> other legal representative of the estate' being of the same general nature or
> import as the former words, in our opinion, likewise signify a person or persons
> acting for the benefit of another in a legal or representative capacity such as an
> administrator *cum testamento annexo*, administratrix, executrix, administrator
> *de bonis non*, administrator *de bonis non cum testamento annexo*, and others
> in a like position or class distinct from one as an individual or one in an
> individual capacity. See **Wilbourn v. State**, 164 So.2d 424 (Miss. 1964) and
> **Gaston v. State**, 239 Miss. 420, 123 So.2d 546 (1960).

**Hill**, 252 Miss. at 508, 175 So.2d at 179. Therefore, this Court held that this statute did not

"authorize an action to be brought against the widow or minor children of a nonresident

decedent in their individual capacities." 252 Miss. at 506, 175 So.2d at 178. Some of the

cases analyzed by this Court in **Hill** were **Yazoo & Miss. Valley R.R. v. Washington**, 92 Miss.

129, 45 So. 614 (1908); **Allen v. Alliance Trust Co.**, 84 Miss. 319, 36 So. 285 (1903); and,

**Grand Gulf R.R. & Banking Co. v. Bryan**, 16 Miss. 234 (1847).

11

¶14. Notwithstanding our analysis of the non-resident motorist statute in *Hill*, our inquiry does not end here. Critical to our decision in today's case is an analysis of the pre-*Hill* cases wherein this Court has considered the phrases "legal representative" and "personal representative."[12]

¶15. In *Grand Gulf*, this Court was required to address an 1803 act of Congress which declared that "every person, and the legal representative of every person" who was the head of a family or who was above 21 years of age and who, as of March 3, 1803, was inhabiting and cultivating a tract of land in the Mississippi territory, which tract of land had not been claimed by other sections of the act, by a British grant, or "by the articles of cession from Georgia," would be entitled "to the preference in becoming the purchaser at the minimum price." Gideon Matlock had purportedly "preemptively purchased" certain land under the provisions of this act of Congress. After Matlock's death, litigation arose amongst Matlock's heirs concerning 240 acres of land. This Court addressed the interpretation of the term "legal representative" as used in the act of Congress. In so doing, this Court stated that the phrase "legal representative" was not limited to heirs only and that indeed a representative "is one who exercises power derived from another." 16 Miss. at 276.

¶16. In *Illinois Cent. R. Co. v. Hunter*, 70 Miss. 471, 12 So. 482 (1893), a case not cited in *Hill*, this Court addressed Art. 7, § 193, Miss. Const., 1890, which provided a remedy for

---

[12]In fact, in *Hill*, this Court stated that it had "endeavored to find cases defining `personal representative' to no avail." 252 Miss. at 506, 175 So.2d at 178.

injuries to railroad employees due to the negligence of their employers.  Art. 7, § 193, states in pertinent part:

> Where death ensues from any injury to employees, the legal or personal representatives of the person injured shall have the same right and remedies as are allowed by law to such representatives of other persons.

In determining that the suit commenced due to the railroad employee's death had been improperly brought, this Court stated:

> An action for an injury resulting in death, based on the constitutional provision mentioned, must be brought by the executor or administrator of the decedent. The primary meaning of the term "legal or personal representatives" is the executor or administrator, and there is nothing in the constitution to suggest that they were used in a different sense in the section under consideration.    The constitution does not give the right of action it creates to parent or child, or husband or wife, but to the executor or administrator.

12 So. at 482.

¶17.    Ten years after *Hunter*, this Court decided *Allen*, another case cited in *Hill*. In *Allen*, this Court had to determine whether a substituted trustee had authority to foreclose on the mortgaged real property subject to the terms of the deed of trust.  A plantation owner mortgaged his real property, and defaulted on the deed of trust.  By this time, the named trustee had died and the mortgagee's attorney-in-fact under a power of attorney appointed a substituted trustee who foreclosed on the mortgaged property.   Prior to the foreclosure sale, the plantation owner died and under his will, he devised the plantation to his three sons. The purchasers at the foreclosure sale sold their interest to another person who commenced suit in chancery court to quiet and confirm title as to the devisees' claims.   The devisees (sons) responded asserting that the foreclosure sale should be voided since the mortgagee's attorney-

13

in-fact had no authority to appoint the substituted trustee who conducted the foreclosure sale. In holding that the foreclosure sale was void, this Court addressed the term "legal representative" and concluded that the term had "no hard and fast meaning."

> It usually means executors or administrators, but it cannot, of course, mean executors and administrators only, in whatever instrument it may appear, and with reference to all the different subject-matters treated of in the multitude of varying instruments, and no matter what the plain purpose of the maker of the instrument using the phrase may be in using it.
>
>                   \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> So the authorities clearly demonstrate that it may, in various circumstances, mean executors, administrators, heirs, legatees, assignees, and devisees, even while legatees or devisees are strangers; in short it may mean any person or corporation taking the beneficial interest in property, real or personal. One is not usually within the definition of "legal representative," however it may be as to the phrase "personal representative," unless he represents the other in beneficial ownership.

36 So. at 286.

¶18. Finally, in *Washington*, another case cited in *Hill*, this Court was again confronted with an action commenced in circuit court under Art. 7, § 193, Miss. Const., 1890, after the death of a railroad employee. The suit was commenced by the administrator of the estate of the deceased employee, and at the beginning of the trial, the railroad company objected to the administrator of the employee's estate being a party plaintiff since the decedent's widow and children, as next of kin, were also plaintiffs. The trial court overruled the railroad company's objection, and the case proceeded to trial. After a verdict and judgment for the plaintiff(s), the railroad company appealed, alleging inter alia that the trial court erred by allowing the administrator of the estate to remain a party plaintiff. In affirming the trial court judgment by citing, inter alia, *Hunter*, this Court stated:

14

> The phrase "legal or personal representatives," in section 193 of the Constitution, embraced not only the executor or administrator, but the heirs or next of kin, as the case might be. It was perfectly idle to have put the disjunctive "or" in the sentence, if the purpose was to limit the personal representative, the executor, or the administrator. Both are made plaintiffs in this action; that is to say, the widow and children, and also the administrator. We do not think any prejudice has occurred, looking back over the completed record, by virtue of having both as plaintiffs.

45 So. at 614-15. Thus, in two cases brought under Art. 7, § 193, Miss. Const., 1890, this Court reached different results. In *Hunter*, this Court stated that only the executor or administrator of the decedent's estate could bring the action against the railroad company, whereas in *Washington*, this Court held that there was not "any prejudice" in bringing the suit in both the name of the administrator of the decedent's estate as well as the widow and children of the deceased.

¶19. It is thus interesting that this Court in *Hill* relied on *Grand Gulf*, *Allen*, and *Washington* to reach the conclusion that the trial court did not have jurisdiction under the non-resident motorist statute over the widow or minor children of a deceased non-resident motorist for the purpose of a suit being brought against them in their individual capacities.

¶20. With this backdrop, we now return to the case sub judice to decide whether the trial court appropriately assumed personal jurisdiction over the Sealy heirs under our long-arm statute, Miss. Code Ann. § 13-3-57. It can be stated without question that in deciding today's case, we must read and construe our long-arm statute and our non-resident motorist statute in pari materia. *Tallahatchie Elec. Power Ass'n v. Miss. Propane Gas Ass'n, Inc*., 812 So.2d 912, 916-17 (Miss. 2002); *Bolivar County v. Wal-Mart Stores, Inc.*, 797 So.2d 790, 793

15

(Miss. 1999).     In so doing, we likewise apply our prior cases which have analyzed the appropriate terms contained in these statutes.     In the end, we are satisfied our decision in *Hill* is instructive in today's case, even though at least some of the cases cited in *Hill* are clearly distinguishable.

¶21.    In our case today, the allegedly negligent non-resident Sealy died prior to the plaintiffs' commencement of this action.   Sealy was sued individually and then after suit was commenced and the plaintiffs learned that Sealy was deceased, they started a series of actions which attempted to join as defendants insurance companies, Sealy's estate, and Sealy's heirs. Under the express language of our long-arm statute, once Sealy died, service of process could only be made upon the "nonresident executor, administrator, receiver, trustee or any other selected or appointed representative" of Sealy.    Clearly, none of these statutory terms apply to the individual Sealy heirs.

¶22.    At the oral argument in this case, one of the justices of this Court requested a supplementation from the plaintiffs' counsel, with a right of response from the attorney for the Sealy heirs – a request which brought a prompt response from both attorneys.    The Court will not consider this documentation since it was not a part of the appellate record.    In their brief, the plaintiffs assert without authority the purported succession laws of Louisiana in support of their contention that the assets of the Sealy heirs may be subject to execution; however, the plaintiffs then concede that "[t]he collection process in the State of Louisiana may not be relevant to [this] [a]ppeal, or the circuit court case in this matter, at least not until a [j]udgment is granted by the [c]ircuit [c]ourt in favor of the [plaintiffs]**."**    We agree with the

16

plaintiffs that Louisiana's collection process is not relevant to the case sub judice. Being subjected to personal liability by a potential personal judgment for the full amount of money damages awarded at a trial is altogether different than being liable as a matter of law, for any part of the judgment based on the "collection process" of this state, the state of Louisiana, or any other state. But again, we refuse to consider the supplementation or the unsupported assertions in the brief as authoritative regarding Louisiana law, nor do we deem it appropriate, based on the procedural posture of this case and the record before us, to even consider application of Louisiana law.

¶23.    We are firmly convinced that the trial court erred in finding that the Sealy heirs could be served with process under our long-arm statute and compelled to respond to the plaintiffs' complaint under penalty of a default judgment for money damages being entered against them if they failed to so respond. Our long-arm statute's language pertaining to service of process is almost identical to the non-resident motorist statute. Therefore, pursuant to our holding in *Hill*, we find that the long-arm statute does not authorize a civil action to be brought against a widow and the children of a non-resident decedent in their individual capacities.

## CONCLUSION

¶24.    For the reasons stated, we find that the trial court erred in holding Miss. Code Ann. § 13-3-57 provided personal jurisdiction over the Sealy heirs in their individual capacities. By the time suit had been commenced in this case, George W. Sealy had died, and his estate (succession) had been opened, administered and closed pursuant to the laws of the state of Louisiana. Therefore, we reverse the Lamar County Circuit Court's order denying the motion

17

to dismiss, or in the alternative, to quash summons, and, judgment is rendered here in favor of the Sealy heirs dismissing the amended complaint and action without prejudice for lack of personal jurisdiction.

¶25.    **REVERSED AND RENDERED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., EASLEY, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ, J., NOT PARTICIPATING.**