GUY WILSON ET AL. *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW.    *Indictment.    Affidavit.    Misdemeanor.    Technical*
   *terms.*

   It is only necessary that misdemeanors be substantially charged,
   and in charging them the use of technical terms are not essential
   to a description of the offense.

2. SAME.    *Obstructing justice.    Intimidating witness.*    *Code* 1892, § 1222.

   An offense, under code 1892, § 1222, making it a misdemeanor to
   attempt by threats or force to intimidate a witness in the discharge
   of his duty, is sufficiently charged by an affidavit that the defend-
   ants "did willfully and feloniously, there and then, without shadow
   of law or authority, place affiant under arrest and forced him to
   go with them, and at the points of their guns attempted to ob-
   struct a due process of law by threatening his life if he gave
   testimony against them on a certain charge against them in which
   he had been summoned as a witness for the state."

3. SAME.

   It is unnecessary in an affidavit charging an attempt to intimidate
   a witness in the discharge of his duty (under code 1892, § 1222), to
   aver in what case he was a witness.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Wilson and others, appellants, were defendants in the court
below; they were charged with an offense, as shown by the
affidavit given in the opinion of the court, were convicted and
sentenced under code 1892, § 1222, and appealed to the su-
preme court.   The code section is as follows:

"1222 (2976).   Obstructing justice; intimidating judge,
juror, witness, etc.—If any person, by threats or force, attempt
to intimidate or impede a judge, justice of the peace, juror,
witness, or any officer in the discharge of his duty, or to ob-
struct or impede the administration of justice in any court,

he shall, upon conviction, be punished by imprisonment in the county jail not less than one month nor more than six months, and by fine not exceeding three hundred dollars."

*Harper & Potter,* for appellant.

The original affidavit was complete nonsense, and the amended affidavit is little or no better. It is elementary that all pleadings, civil and criminal, must make sense. To charge that defendants "did attempt to obstruct a due process of law" is to leave them in doubt as to which section of the code they are charged with violating. Indeed it is so obscure and meaningless that it does not charge any crime known to the law. The language is wholly insufficient to bring the offense within either §§ 1221 or 1222, code of 1892.

But if it be conceded that the effort is here made to charge an offense under § 1222, code 1892, the affidavit is not only insufficient because instead of charging an "attempt to obstruct the administration of justice" as the statute provides, it charges that defendants "did attempt to obstruct a due process of law," but also because it fails to show in what court the cause was pending in which the witness had been summoned to appear. Indeed the affidavit fails to show that the charge was pending in any court of any sort, anywhere. Manifestly, such pleading would be too obscure and indefinite in a civil proceeding, far less in a criminal one.

Prosecutors ought at least to be required to couch their affidavits in sensible English that means something. The charge here in its essence is meaningless jargon, and we submit that this cause ought to be reversed for the reason that the affidavit fails to charge any offense, of any sort, under the law, since the language used to set out the gist of the action is sheer nonsense.

*W. L. Easterling,* Assistant Attorney-General, for appellee.

It is not disputed that the defendants are guilty of the crime of attempting to obstruct the due course of public justice, and

to prevent the attendance of the witness in a criminal case tried at Brandon, Rankin county, Mississippi, against John Ash and Joe Holden, by intimidating and threatening the said witness with death or great bodily harm.

The record is clear on this, but it is contended by counsel for appellant that the judgment of the circuit court ought to be reversed, notwithstanding the correctness of the verdict because the affidavit on which the defendants were tried "does not charge any offense under the law, since the language used to set out the gist of the action is sheer nonsense."

The gist of this offense is the attempt by force and threats to interefere with, or obstruct, in any manner the due process of a court, endeavoring to prevent the attendance of a witness in a case to be tried before that court.

It is not a fatal defect that the affidavit fails to state in what court affiant was summoned as a witness; since all that would be mere matter of inducement, and not an essentially descriptive element of the offense. He would have been guilty of the same offense if he attempted to prevent the attendance of the witness in any court. The vital point essential to make out the offense is in attempting to obstruct the course of public justice. This court has held in the case of *Berrow* v. *State,* 67 Miss., 365, that the averment in the indictment that the "witness had been subpoenaed, was mere matter of inducement, and a variance between the averment and the proof was immaterial. And the court there very properly says, "that if appellant does any act to prevent the attendance of the witness, he was guilty of obstructing the course of public justice, and punishable therefor." Bishop Criminal Law, sec. 468.

The words "attempt to obstruct a due process of law by threatening," etc., as used in the affidavit, are practically synonymous with those of the statute, which is all that is necessary; and especially so, when followed by way of explanation, as in the case at bar, by the statement "that affiant had been summoned as a witness to testify." The information is sufficiently

explicit to appraise the defendant of the nature and cause of the acquisition against him, required by the constitution. *Roberts* v. *State,* 55 Miss., 421.

TERRAL, J., delivered the opinion of the court.

Guy Wilson, Herman Wilson, and Roy Wilson were convicted of some crime in the circuit court of Madison county, and were fined and jailed therefor. The prosecution was instituted before a justice of the peace, and is in the following words:

"State of Mississippi, Madison county. Before me, W. G. Dorroh, a justice of the peace of the county aforesaid, James X. Ballou makes oath that on the 3d day of January, 1901, in county aforesaid, Dist. No. 3, state of Miss., Guy Wilson, Herman Wilson, and Roy Wilson, did willfully and feloniously then and there on the same day, willfully and feloniously approach affiant while engaged in his work, and without shadow of law or authority place him under arrest, and did force said affiant to go with them some distance from his work, and at the point of their guns did attempt to obstruct a due process of law by threatening the life of affiant if this said affiant gave testimony against them in a certain charge against them, in which affiant had been summoned as a witness for the state; against the peace and dignity of the state of Mississippi.

"JAMES X. BALLOU.

"Sworn to and subscribed before me this 7th day of January, 1901. W. G. Dorroh, J. P."

The insistence here is that the affidavit charges no crime whatever. Undoubtedly, every charge of crime should be made in direct, concise, and positive terms; but nice objections will not be regarded, and it will be sufficient, if, from the whole tenor of the charge, the statement be sufficiently clear to furnish an intelligible description of the manner of committing the offense. In misdemeanors there are no technical terms essen-

tial to the description of the offense, and the pleader may exercise his own ingenuity if a crime be substantially charged. The charge intended to be made is that of attempting to intimidate a witness in the discharge of his duty under § 1222, code 1892, and it is not perceived that the language here fails to specify with precision the offense charged against the defendants. If the affidavit had simply alleged that the defendants, at the time and place specified, had, by threats, attempted to intimidate Ballou from testifying in a case against them, it would have been sufficient. Yet the affidavit here charges all that, and much more. It does not use the word "intimidate," but the language used includes the idea, and charges the thing itself in the strongest terms. It charges the forcible arrest and detention of Ballou by armed men, accompanied by threats to kill him if he should testify against them. The apparent intent of the affidavit to charge a more heinous crime than that described by the statute brings the only confusion to be found in the charge. We think it unnecessary that the affidavit should have specified the case; for that is not material to the essence of the offense, which is attempting by threats to prevent a witness from discharging a duty imposed upon him for the due administration of public justice. In many instances a witness is called to testify about a matter where, technically speaking, there is no case in hand, as before the grand jury, or before an inquest, or some like tribunal; and, if there be a case actually in hand, it is but an incident to the charge, and not material to the constitution of the offense. The defendants arrested Ballou in utter disregard of all law. Their words and conduct are the subject of the offense, and no more particularity as to the case or matter in the mind of the witness need be given than that specified by the defendants. The defendants, in our opinion, have no ground to complain of the charge against them, unless it be that it is put in a form too vigorous to include a matter of mere intimidation.

*Affirmed.*