REED *v.* STATE

No. 40717          January 6, 1958          99 So. 2d 455

*Berger, Callon & Zuccaro,* Natchez, for the appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE,, J.

Appellant Joe Reed was jointly indicted with David Hawkins in the Circuit Court of Adams County of the robbery of Mack Hill. All of these parties are Negroes. Appellant obtained a severance, and after trial was convicted and sentenced to serve two years in the state penitentiary.

Since the case must be reversed and remanded for a new trial, we will not dismiss the testimony and facts, except to make a comment with reference to the second assignment of error. Appellant complains of the overruling of his objections to parts of the testimony of Deputy Sheriff William Ferrell, who investigated the robbery. He took the prosecuting witness Hill with him into a store, where there were a number of Negro men. He stated that he asked Hill if he saw the two men who had robbed him, in response to which Hill pointed out Hawkins and Reed. Appellant contends this was an improper attempt to bolster Hill's testimony, and that the resulting search was illegal because without a search warrant. However, it was necessary for the State to

show that appellant was lawfully arrested upon a reasonable belief that he was the guilty person. Testimony was admissible for that purpose and upon that theory.

■■ In his argument to the jury the district attorney said: "If you don't stop them now, they will next be robbing white people." Defendant's counsel objected to this statement. The objection was overruled. The trial court did not instruct the jury to disregard this statement. Defendant's motion for a mistrial was then overruled. The State concedes that this argument to the jury was error. However, it contends that it was not reversible error, because appellant's guilt is evident and it could not have influenced the verdict. With that we cannot agree. The State's case against Reed was made out principally by the testimony of Hill. The jury had the duty and right to evaluate that testimony and other evidence independently of the emotional factor of racial prejudice being injected into the case by the State's attorney. Moreover, the trial court overruled the objection, thereby in effect holding that the quoted argument was proper. ■■ In a long line of cases dating back over fifty years, this Court has consistently condemned the injection into the trial of a lawsuit, which should be decided on the facts and law, of improper and irrelevant influences and possible prejudices. Most of those cases are cited and discussed in the annotation to 45 A. L. R. 2d 303, at pages 350-355 (1956). Recent decisions so holding are Herrin v. State, 201 Miss. 595, 29 So. 2d 452 (1947), and Harris v. State, 209 Miss. 141, 46 So. 2d 91 (1950). For this error the judgment will be reversed and the case remanded for a new trial.

Reversed and remanded.

*McGehee, C. J.*, and *Kyle, Arrington* and *Gillespie, JJ.*, concur.