Gaston *v.* State.

No. 41617          October 17, 1960          123 So. 2d 546

*Jesse P. Stennis,* Macon, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant, Ella Gaston, was convicted in the Circuit Court of Noxubee County of a misdemeanor, attempting to obstruct an officer in the performance of his duties. She had previously been convicted in a justice of the peace court, and had appealed. The pertinent statute, Miss. Code 1942, Rec., Sec. 2294, provides: "If any person or persons by threats or force, abuse or otherwise, attempt to intimidate or impede a judge, justice of the peace, juror, witness, prosecuting or defense attorneys or any officer in the discharge of his duties or to obstruct or impede the administration of justice in any court, he shall, upon conviction, be punished by imprisonment in the county jail, not less than one month, nor more than six months and by fine not exceeding three hundred dollars."

Appellant and her husband, who are Negroes, live in Hattiesburg, Mississippi. On February 22, 1959 they and six of their grandchildren drove about one hundred and forty miles to Shuqualak to visit relatives. The incident for which appellant was convicted occurred that afternoon, as she and her husband were preparing to return to Hattiesburg. Nelse is appellant's husband, and the affidavit charged her with attempting to intimidate or impede the sheriff in arresting him for the crime of driving a car while under the influence of intoxicating liquor. E. W. Farrar, sheriff at the time, was one of the principal witnesses for the state. On direct examination he was asked where he first saw Nelse Gaston

that day. The sheriff replied: "We were investigating and trying to find a Negro by the name of Frank Ed Hill, that had committed an assault upon the marshal down there (Shuqualak)." Appellant's counsel objected, on the ground the statement was irrelevant and inflammatory. The objection was overruled.

■■ This was reversible error. What happened in Shuqualak the night before, when appellant and her husband were in Hattiesburg, was wholly irrelevant to an issue pertaining to her guilt or innocence. It unnecessarily raised in the trial the element of racial prejudice, which has no place in the administration of justice. Hardaway v. State, 99 Miss. 223, 54 So. 833 (1911); Reed v. State, 232 Miss. 432, 99 So. 2d 455 (1958). The jury had the duty and right to evaluate the testimony independently of that emotional factor being injected into the case by the state's counsel and witnesses. Moreover, two other events during the trial presented this same factor to the jury. Deputy Sheriff Hutcherson testified to the same effect, defendant's objection was sustained, but the court overruled the motion of appellant's counsel to direct the jury to disregard it. In addition, the opening argument of state's counsel to the jury told it the same thing, and also that defendant's husband was related to the party for whom the officers were searching, although there is no evidence to that effect. The trial court sustained an objection to the opening argument, and instructed the jury to disregard the remarks. Subsequently, the sheriff testified as described above, and the court overruled appellant's objection.

■■ Deputy Sheriff Hutcherson testified further that the officers searched the car occupied by appellant, and belonging to her husband, and found a .22 caliber rifle under the seat. Objection of appellant's counsel was overruled, although the trial court stated it had been "very liberal in letting in a lot of incompetent proof." Appellant was being tried on a charge of

attempting to impede or intimidate the sheriff in arresting her husband. There was no evidence that she or her husband were attempting to remove or use the rifle, or that she owned it. The fact that the officers found it in the husband's car was wholly irrelevant to the issues made in the affidavit, and had a tendency to further unduly prejudice the jury. It was error to overrule appellant's objection to that testimony.

After omitting the formal parts, the affidavit charges that Ella Gaston "did wilfully and unlawfully attempt to impede and intimidate Emmett W. Farrar, the duly qualified and acting Sheriff of Noxubee County, Mississippi, in the discharge of the duty of said Emmett W. Farrar as such Sheriff, by approaching said Sheriff with a womans handbag containing a pistol and opening said bag and stating to the said Sheriff 'you can not arrest my husband', when he the said Sheriff was legally arresting one, Nelse Gaston, husband of said Ella Gaston for the crime of driving an automobile while under the influence of intoxicating liquor against the peace and dignity of the State of Mississippi."

The offense defined by Code Sec. 2294 requires the state to show (1) an attempt to intimidate or impede an officer in the discharge of his duties, (2) by threats or force, abuse or otherwise. Defendant's demurrer to the sufficiency of the affidavit was overruled. This was error. The charge is an attempt to impede and intimidate the sheriff, by approaching him with a pistol in defendant's handbag, opening it, and saying you cannot arrest my husband. This does not constitute threats or force or abuse. It does not charge or indicate a present intent to attempt to impede the sheriff. The phrase "or otherwise" refers to acts or stratagem of the same general nature as the preceding "threats, force or abuse". An attempt, represented by an overt act, is not sufficiently charged under the statute. Wilson v. State, 80 Miss. 388, 31 So. 787 (1902); 39 Am. Jur., Obstructing Justice, Secs. 8-11; Anno., 48 A. L. R. 746

(1927). ■■■ ■ Merely remonstrating with an officer in behalf of another, or criticizing an officer while he is performing his duty, does not amount to an attempt to intimidate or impede him. 3 Anderson, Wharton's Criminal Law and Procedure (1957), Sec. 284. On the key issue in this case, the affidavit fails to charge that appellant approached the sheriff, stating he could not arrest her husband, because he had done nothing, opened her bag containing a pistol and reached in it. The insufficient charge of an overt act rendered the affidavit demurrable. Also, there is a variance between the affidavit and the proof: The officers arrested appellant's husband for reckless driving, not driving while under the influence, as the affidavit charges.

■■■ ■ Finally, there is such a material disparity between the testimony of the state's principal witnesses in the justice of the peace court, at which a transcript of their testimony was also taken, and that in the circuit court, that we are of the opinion that justice would be better promoted by a new trial of this case before another jury. This is particularly so in view of the prejudicial testimony, described above, which was admitted in evidence. Cole v. State, 217 Miss. 779, 65 So. 2d 262 (1953); Jefferson v. State, 52 So. 2d 925 (Miss. 1951); Dickerson v. State, 54 So. 2d 925 (Miss. 1951). There is no direct proof that appellant intended to use the pistol that was in her handbag, and, in view of the disparity in the proof on the two trials on the key issue of whether she even opened the handbag, some of the judges believe there is not sufficient evidence to sustain a conviction in a criminal case. However, since the case will have to be reversed for the above stated reasons, it is not necessary for us to decide that issue at this time.

Reversed and remanded.

*McGehee, C.J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.