the application without a hearing. Order affirmed. The record clearly demonstrates that defendant's claims are without factual support and that there is no reasonable probability at all that his averments are true (*People* v. *Richetti,* 302 N. Y. 290; *People* v. *White,* 309 N. Y. 636). Moreover, in our opinion, a promise of leniency by a police sergeant, claimed to have induced defendant's guilty plea, is not a basis for nullifying the plea, absent proof that the prosecutor or his duly authorized representative or the court participated therein. Since no claim is made that such was the situation at bar, no hearing is indicated. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES TROY HICKMAN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 23, 1968, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. We believe the prosecutor's summation to the jury went far beyond the bounds of fair play and violated defendant's right to a fair trial (*People* v. *Lombardi,* 20 N Y 2d 266). His references to defendant as a " junkie ", " rat " and a " sculptor " with a knife, among others, as well as his suppositions as to defendant's state of mind on the night in question and defendant's actions had he remained in the tavern a while longer, were clearly improper and intended to inflame the jury. Moreover, it was highly prejudicial for the prosecutor to vouch for the truthfulness of certain of his witnesses and make himself an unsworn witness as to whether there were any ,other eyewitnesses to the fight who were not called to testify, especially as this case rested entirely upon the credibility of the witnesses. Christ, P. J., Munder, Martuscello, Latham and Kleinfeld, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND HOLLEY, Appellant.— Order of the Supreme Court, Kings County, dated April 25, 1969, affirmed (*People* v. *Nicholson,* 11 N Y 2d 1067, cert. den. 371 U. S. 929; *People* v. *Martin,* 32 A D 2d 927). Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND HOLLEY, Appellant.— Order of the Supreme Court, Kings County, dated December 8, 1967, affirmed. In our opinion, there is no merit to appellant's claim that he was deprived of the effective assistance of counsel or that his October, 1955 guilty plea was the product of unreasoning fear and coercion. Under all the circumstances, it appears the plea was voluntary and the result of a reasoned decision to avoid the risks incident to a trial on an indictment charging murder in the first degree. There was no denial of due process under the law then existing. Christ, P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED MONROE and EUGENE WELCOME, Appellants.— Appeals from two judgments of the Supreme Court, Queens County, one rendered May 11, 1967 against defendant Monroe and one rendered June 1, 1967 against defendant Welcome, convicting them of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment rendered June 1, 1967 (against Welcome) affirmed. No opinion. The case against defendant Monroe is remitted to the trial court for a hearing and a determination, as to whether the witnesses' in-court identification of Monroe was tainted by the improper showup at the police precinct (cf. *People* v. *Whitmore,* 30 A D 2d 877; *People* v. *Hill,* 22 N Y 2d 686; *People* v. *Ahmed,* 20 N Y 2d 958). In the interim, the appeal by defendant Monroe (from the judgment rendered May 11, 1967) will be held in abeyance. Christ, P. J., Latham, Kleinfeld, Brennan and Benjamin, JJ., concur.