291 So.2d 695 (1974)
Pauline LANIER
v.
STATE of Mississippi.
No. 47779.
Supreme Court of Mississippi.
March 4, 1974.
*696 Sims & Sims, C. Darrell Reeves, Columbus, for appellant.
A.F. Summer, Atty. Gen. by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
Pauline Lanier was indicted, tried and convicted in the Circuit Court of Lowndes County, Mississippi, for the crime of manslaughter as a result of the death of Freddie W. Sherrod.
The testimony shows that Freddie W. Sherrod had been at the home of defendant's sister, Odessa Shirley, along about 7:00 P.M. and told her that if she went out that night he would kill her. "He was her boyfriend." He said "He would use a 410 on her, cause he had it in the car ..." Nevertheless, the defendant went out during the night and found her boyfriend's automobile parked in front of the home of another woman, one Catherine Brewer. She asked her sister to stop the car so she could get her key. Defendant went up to the door and knocked. When Sherrod came to the door, an altercation occurred between the defendant and her boyfriend. She told the officers that she grabbed him because she was mad, and she pulled him out to her sister's car where she got a knife and stabbed him. She testified on the trial, however, that he attacked her and choked her. Sherrod died as a result of the stab wound.
The next morning after the affray, the defendant's mother went to the automobile belonging to Sherrod which was left at the scene of the homicide. In the absence of the jury, she testified that she found two 410 shotgun shells and two cartridges beside the automobile. She did not see a gun in the automobile. These shells and cartridges were offered in evidence, but upon objection by the prosecuting attorney, the court refused to permit the exhibits to be shown to the jury.
The appellant has appealed and now contends that the case should be reversed and a new trial granted because it is said that the trial court was in error in refusing to permit the introduction of the shells and cartridges found near the car belonging to the deceased.
We are of the opinion that the trial court did not commit reversible error in refusing to permit the introduction of the shells and cartridges before the jury for the following reasons.
As a general rule, any physical object of visual evidence may be introduced into evidence if the objects are relevant to the facts in issue before the court. [Wilkins v. State, 264 So.2d 411 (Miss. 1972)]. Of course, it must be first shown that such objects and articles are in some manner relevant to the issue. [Underhill, Criminal Evidence (4th ed.) § 115, at 148 (1935)]. The rule is more liberally construed in circumstantial cases. [29 Am.Jur.2d Evidence § 266, at 315 (1967); 22A C.J.S. Criminal Law § 637, at 499 (1961)]. However, the mere finding of a rifle or other articles owned or in the possession of a defendant or deceased, wholly disconnected with the issue before the court, is properly *697 excluded from the evidence before the jury. Strickland v. State, 269 So.2d 340 (Miss. 1972); Gaston v. State, 239 Miss. 420, 123 So.2d 546 (1960); 22A C.J.S. Criminal Law § 637, at 496 (1961).
In the instant case there is no evidence to show that a shotgun was used in the altercation between the defendant and her "boyfriend". If we assume that the shotgun shells belonged to Sherrod, the most that can be said of the testimony showing the shotgun shells were found near his automobile is that the deceased did, in fact, own a 410 shotgun. There is ample testimony before the jury to show that this fact and, at best, the proffered testimony is a mere conjecture. 22A C.J.S. Criminal Law § 639, at 504 (1961).
There was ample evidence to warrant a manslaughter verdict by the jury; in fact, the testimony was sufficient to sustain a greater charge.
The judgment of the trial court is therefore affirmed.
Affirmed.
PATTERSON, INZER, SMITH and BROOM, JJ., concur.