█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED MONROE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 11, 1967, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The District Attorney is directed to furnish defendant's attorneys and this court with the Grand Jury minutes hereinafter mentioned within 10 days of service upon him of a copy of the order to be entered hereon, with notice of entry thereof; defendant's attorneys are instructed to file a supplemental brief with this court within 10 days of their receipt of the said minutes, limited to the issue of whether the withholding of the Grand Jury minutes was prejudicial to defendant; the District Attorney shall have seven days from receipt by him of such supplemental brief to respond thereto. In the interim, the appeal will be held in abeyance. This court previously remitted the case against defendant Monroe to the trial court for a hearing and a determination as to whether the witnesses' in-court identification of Monroe was tainted by an improper show up at a police precinct *(People v Monroe,* 34 AD2d 831). That hearing has been completed and we have received the transcript thereof. The record indicates that, at the hearing, defense counsel asked to inspect

the Grand Jury minutes of certain of the People's witnesses and that said request was denied. Defendant argues that it was error to deny him the right to examine those minutes. The People, in their brief, concede that "it was technical error to deny counsel's request to see the witnesses' Grand Jury testimony", but argue that defendant has not demonstrated any prejudice flowing from the denial of that request. Accordingly, we have made appropriate directions hereinabove to enable this court to properly decide this appeal. Rabin, Acting P. J., Hopkins, Martuscello, Christ and Shapiro, JJ., concur.