COMMONWEALTH vs. WARREN W. DOUGAN.
(and six companion cases[1]).

Suffolk.    April 14, 1978. — June 2, 1978.

Present: KEVILLE, GRANT, & BROWN, JJ.

*Evidence*, Relevancy and materiality. *Practice, Criminal,* Comment
by prosecutor. *Witness,* Cross-examination.

At the trial of defendants charged with kidnapping, armed robbery
and rape, where there was no showing that either defendant had
ransacked the apartment of the victim who was the principal Com-
monwealth witness, or had attempted to run him off the road, the
judge erred in admitting evidence of those incidents. [421]
At a criminal trial, the prosecutor's closing argument exceeded per-
missible bounds where he commented on matters not in evidence
and assailed the character of the defendants, whose character had
not been placed in issue at trial. [421–422]
At a criminal trial, the judge erred in refusing to allow defense counsel
to show the victim a photograph of one other than the defendant
in an effort to discredit his in-court identification of the defendant.
[422]
At a criminal trial, the defendants, in order to show bias, were entitled
to inquire whether a witness was aware of the maximum penalty
for an offense with which he had been charged at the time he agreed
to cooperate with the authorities in the case against the defendants.
[422–423]

INDICTMENTS found and returned in the Superior Court
on September 10, 1974.

The cases were tried before *Roy, J.*

*Susan J. Baronoff* for Warren W. Dougan.

*Ann Lambert Greenblatt* for Robert R. Linehan.

---

[1] Three of the companion cases are against Warren W. Dougan and
three are against Robert R. Linehan.

*Philip T. Beauchesne*, Assistant District Attorney (*Michael J. Traft*, Special Assistant District Attorney, with him) for the Commonwealth.

BROWN, J. Both defendants challenge their convictions of kidnapping, armed robbery and rape, alleging certain errors of procedure and substance. The defendant Dougan also appeals from a conviction of committing an unnatural act. We are constrained in the circumstances of these cases to reverse all the convictions and remand the cases for a new trial in the Superior Court for reasons that will appear below.

As a complete recitation of the rather bizarre and sordid facts would serve no useful purpose, we mention particular facts only where necessary.

1. There was no showing that either defendant had ransacked the apartment of the male victim, who was the principal Commonwealth witness, or had attempted to run him off the road. Contrast *Commonwealth* v. *McWhinnie*, 5 Mass. App. Ct. 877 (1977), and cases cited. Accordingly, it was error to admit evidence of those events (cf. *Commonwealth* v. *Szemetum*, 3 Mass. App. Ct. 651, 653-654 [1975]), and the judge had no discretion in the premises. Contrast *Commonwealth* v. *Chalifoux*, 362 Mass. 811, 815-816 (1973); *United States* v. *Cirillo*, 468 F.2d 1233, 1240 (2d Cir. 1972), cert. denied, 410 U.S. 989 (1973).

2. In view of the fact that there was no evidence linking either of the defendants to any of the incidents referred to in part 1 above, the prosecutor's closing was an even more egregious error. There can be no justification for comment on matters not in evidence (e.g., "They had hounded him from pillar to post"). See *United States* v. *Fearns*, 501 F.2d 486, 489 (7th Cir. 1974). Nor may a prosecutor assail the character of a defendant whose character has not been placed in issue at trial (e.g., "you're not dealing with your average citizen when you're dealing with a motorcycle gang"). *Commonwealth* v. *Burke*, 373 Mass. 569, 575 (1977), and cases cited. The

permissible bounds of closing argument were thus exceeded, and the judge's perfunctory curative instructions (e.g., "If anything is said which does not accord with your memory of the evidence, . . . you are to disregard it") were inadequate in the circumstances. See *Commonwealth* v. *Shelley,* 374 Mass. 446, 470-472 (1978), and authorities cited. Cf. *United States* v. *Martinez,* 514 F.2d 334, 343 (9th Cir. 1975). Thus, in these circumstances the Commonwealth cannot be heard to justify its closing argument. See *Commonwealth* v. *Earltop,* 372 Mass. 199, 204–206 & n.1 (1977) (Hennessey, C.J., concurring); *Commonwealth* v. *Redmond,* 370 Mass. 591, 594–597 (1976). Compare *Commonwealth* v. *Burke,* 373 Mass. at 574–577. Contrast *Commonwealth* v. *Nordstrom,* 364 Mass. 310, 315–316 (1973).

3. It was error for the judge to refuse to allow counsel on cross-examination to show the photograph of one Robert W. Hayes to the male victim in an effort to shake his in-court identification of Linehan as one of those who had participated in the offenses. See *Commonwealth* v. *Murphy,* 282 Mass. 593, 597–599 (1933). Cf. *Commonwealth* v. *Franklin,* 366 Mass. 284, 288-290 (1974). The Commonwealth's argument in support of the judge's action must fail because there is nothing in the record to indicate that Linehan's counsel intended to use the photograph for an improper purpose or in an improper manner.

4. As there was no constitutional attack on the identification of Linehan (see e.g., *Stovall* v. *Denno,* 388 U.S. 293, 301-302 [1967], and *Simmons* v. *United States,* 390 U.S. 377, 382-386 [1968]), the constitutional arguments of both parties relative to the lack of a voir dire are beside the point. Compare *Commonwealth* v. *Barnett,* 371 Mass. 87, 91-92 (1976), cert. denied, 429 U.S. 1049 (1977). See generally *Commonwealth* v. *Dickerson,* 372 Mass. 783, 787-789 (1977); *Commonwealth* v. *Gordon, ante* 230, 237 (1978).

5. There is no doubt that the defendants in their efforts to show possible bias are entitled to inquire whether Lopes had been aware of the maximum penalty for his

firearms offense at the time he agreed to cooperate with the authorities in the instant case. See *Commonwealth* v. *Michel,* 367 Mass, 454, 459-460 (1975), and cases cited; *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 713-714 (1974), and cases cited.

6. As the defendants' other assignments of error are directed to issues which are not likely to arise on a retrial, no discussion of any of them is necessary.

*Judgments reversed.*
*Verdicts set aside.*