384 So.2d 600 (1980)
Cecil AUSTIN
v.
STATE of Mississippi.
No. 51870.
Supreme Court of Mississippi.
May 21, 1980.
Louis Fondren, Pascagoula, for appellant.
A.F. Summer, Atty. Gen. by Wayne Snuggs, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court.
Cecil Austin was convicted in the Circuit Court of Jackson County of rape, was sentenced to life in the Mississippi State Penitentiary, and has appealed here.
The victim was sixty-seven (67) years old, lived in Pascagoula, Mississippi, and, at the time of the offense, had two (2) renters in her house. In the early morning of December 29, 1978, she went to the bathroom and, upon returning to her bedroom, someone sprang upon her from behind. She began screaming, the assailant threw her on the bed, began smothering her, tore off her gown, and raped her. The victim recognized her attacker as 32-year-old Cecil Austin, one of the roomers in her home.
After the assault, the appellant made the victim get dressed. He stated that he was going to pack his clothes and leave. Appellant told her that, if she made a sound, she would be shot, and he forced her into her own vehicle and drove away. Later, he stopped, put the clothes he had packed on the side of the road, then (apparently changing his mind) told the victim to get the bag and bring it to him. She refused, fearing that she would be shot. Appellant assured her that she would not be shot, whereupon, she got the bag and returned it to the car. Appellant then drove off, leaving the victim standing on the side of the road. She went to a nearby house and telephoned her son, who took her to the police station, and to the hospital.
Examination of the prosecutrix by Dr. Clarence Whigham at Singing River Hospital disclosed that she was bruised on her upper right chest and about both breasts, and that there was a tearing in and around her vagina. The test for sperm was positive. It was the doctor's opinion that she had been sexually assaulted.
*601 Without detailing the evidence, it was overwhelming that appellant forcibly raped the victim on the morning of December 29, 1978.
The sole assignment of error presents the question of whether or not the trial court erred in failing to sustain appellant's motion for a new trial due to the prosecutor's comment upon appellant's right to remain silent.
In his argument, defense counsel stated, "Here and now is the first time that anyone has heard his side of this case," and "I ask you, as the only people who have ever heard his side of the case and the only people probably that ever will hear his side of the case ..." In response to that statement, the district attorney, in closing argument, said, "And, if he was not guilty, why didn't he tell the law enforcement officers that. I asked him, did he give a statement. No."
An accused has the right to remain silent, guaranteed by the Fifth Amendment to the United States Constitution. Appellant argues that the prosecution may not use at trial the fact that the accused claimed his privilege to remain silent in the face of such accusation. Evidence of post-arrest silence is improper, because it violates the accused's right against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). See also Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), wherein the United States Supreme Court held that the use of a defendant's silence at the time of his arrest and after receipt of Miranda warnings violated the Due Process Clause of the Fourteenth Amendment.
When the prosecuting attorney made the statement in his closing argument, appellant's counsel entered a general objection, without specifying the reason for same. It was sustained by the trial judge. Counsel neither asked the court to instruct the jury to disregard the statement, nor moved for a mistrial. This Court has held that in order to take advantage of improper argument on the part of a prosecuting attorney, objection must be interposed at the time the statement is made, and the point will not be considered on appeal unless motion for a mistrial is timely made. Griffin v. State, 292 So.2d 159 (Miss. 1974); Stevenson v. State, 244 So.2d 30 (Miss. 1971).
Although in response to argument of appellant's counsel, the statement of the prosecuting attorney was improper and should not have been made. The objection was not specific and the error was not properly preserved by the appellant for presenting the question to this Court on appeal. However, we have carefully considered the entire record, and, in view of the overwhelming evidence of appellant's guilt beyond reasonable doubt, we hold the error was harmless.[1]See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).
The judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.
NOTES
[1] In Doyle, supra, the State did not contend that the error committed was harmless.