LEE, Justice,
for the Court:
Attorney Merrida P. Coxwell was convicted in the Circuit Court of the First Judicial District of Hinds County, Honorable William F. Coleman, presiding, for receiving stolen property, was sentenced to five (5) years in the state penitentiary and was disbarred from the practice of law. He has appealed and assigns as error that the court erred in failing to grant a mistrial because of the district attorney’s final argument wherein he referred to Coxwell as a “crooked lawyer.”
The evidence for the State indicates that on March 6, 1978, an unidentified couple left the Osborne Ford Motor Company lot in Tallulah, Louisiana, in a 1978 Cougar XR-7 automobile belonging to the dealership, ostensibly for the purpose of testing the car before buying same. The couple failed to return to the lot; the theft of the vehicle, which was valued at approximately seven thousand dollars ($7,000), was reported to the police.
Subsequently, the vehicle appeared at a truck stop in Vicksburg, Mississippi, where it was picked up and delivered to Jackson by one Murray Johnson, upon instructions of Tommy Thornton, who operated an automobile repair shop in Jackson. Johnson delivered the vehicle to Charley’s Car Repair either on March 7 or 8, at which time he met the appellant, who was interested in purchasing it. Appellant inspected the automobile and then gave Thornton nine hundred fifty dollars ($950.00) for same. Johnson, an accomplice, testified to the above facts on the trial.
One William Thornton, upon instruction of the appellant, prepared a title application for the vehicle indicating the purchaser to be the Hightower Corporation, which was owned by appellant. A license tag for the automobile was issued to appellant by the Tax Collector’s Office of Hinds County, listing as owner the Hightower Corporation. A Mississippi inspection sticker was obtained which noted appellant to be the owner.
Appellant testified that he purchased the vehicle from James Hood of Hood Auto Sales of Ellisville, Mississippi, and that he gave Hood five thousand dollars ($5,000) in cash and a diamond ring in exchange for it. His testimony was impeached in several particulars.
In final argument, the district attorney said the following:
“What was the only deal that we had with those people? Tell the truth and the judge will be told about it. The judge didn’t have to be told about it. He heard them testify. So, that’s no deal at all. Did they have anything to gain? What the defense is gonna say, of course, is: ‘Why, they were gonna go to jail and they were gonna be charged but all of their charges were gonna be dropped.’ That’s what they are gonna say but is there any proof of that? ‘You had better tell the truth or we are gonna burn your tail.’ That’s all. Nothing more and nothing less. ‘The judge will know you testified.’ So what? So what if he knows they testified. And suppose the judge does, which I have no reason to believe he will, but suppose the judge does say: ‘Okay, you helped us get rid of a crooked lawyer. I am gonna give you some years off.’
BY MR. MOORE:
I object to that, may it please the Court. That’s improper.
BY THE COURT:
I believe you are getting out of bounds, Mr. Peters.
BY MR. PETERS:
I beg your pardon?
BY THE COURT:
I believe you are getting a little far afield.
BY MR. MOORE:
And I would move for a mistrial, Your Honor.
BY THE COURT:
*106 Overruled.”
Appellant contends that the above mentioned argument of the district attorney was prejudicial and constituted reversible error, and cites cases in which similar remarks made by prosecuting attorneys required reversal: Ellis v. State, 254 So.2d 902 (Miss.1971) (“professional criminal”); Carr v. State, 208 So.2d 886 (Miss.1968) (“beastly nature”); Reed v. State, 232 Miss. 432, 99 So.2d 455 (1958) (“[I]f you don’t stop them now, they will next be robbing white people”); Tubb v. State, 217 Miss. 741, 64 So.2d 911 (1953) (Negro was in den of iniquity — drinking, gambling, and women there); Mays v. State, 571 S.W.2d 429 (Ark.1978) (“dope pusher”); People v. Natoli, 70 Ill.App.3d 131, 26 Ill.Dec. 266, 387 N.E.2d 1096 (1979) (“a habitual or professional criminal”); Flynn v. State, 379 N.E.2d 548 (Ind.App.1978) (“drug dealer”); Commonwealth v. Collins, 374 Mass. 596, 373 N.E.2d 969 (1978) (“Animal”); Commonwealth v. Dougan, - Mass.App. -, 376 N.E.2d 1255 (1978) (“You’re not dealing with average citizen when you’re dealing with a motorcycle gang”); State v. Stewart, 162 N.J. Super. 96, 392 A.2d 234 (1978) (“punk, hood and bum”); People v. Matthews, 33 A.D.2d 679, 305 N.Y.S.2d 919 (1969), (“attack on defense lawyer”); People v. Hickman, 34 A.D.2d 831, 312 N.Y.S.2d 644 (1970) (“junkie, rat and sculptor with a knife, et al.”); State v. Foster, 2 N.C.App. 109, 162 S.E.2d 583 (1968) (“Professional crooks”); Crutcher v. State, 481 S.W.2d 113 (Tex.1972) (Abuse of defense counsel).
Although the trial judge did not sustain the objection to the argument in exact words, his remarks to the district attorney, in effect, sustained same. Appellant’s counsel did not request the judge to tell the jury to disregard the remarks of the district attorney.
Jury Instruction # 1, granted by the court, states in part:
“Arguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. If any argument, statement or remark has no basis in the evidence, then you should disregard that argument, statement or remark.”
The remarks of the district attorney were highly improper and constitute error. However, we have carefully reviewed the entire record, and, in view of the written instruction given the jury, as set forth above, and in view of the overwhelming evidence of appellant’s guilt beyond reasonable doubt, we hold the error was harmless. Austin v. State, 384 So.2d 600 (Miss.1980).
Therefore, the judgment of the lower court is affirmed..
AFFIRMED.
PATTERSON, C. J., SMITH, and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.