416 So.2d 679 (1982)
Hosey Bernard JOHNSON
v.
STATE of Mississippi.
No. 53485.
Supreme Court of Mississippi.
July 7, 1982.
*680 Mager A. Varnado, Jr., Gulfport, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROY NOBLE LEE, and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Harrison County wherein Hosey Bernard Johnson, defendant/appellant, was indicted, tried and convicted for the March 26, 1980, armed robbery of L.H. Case. The jury imposed a life sentence after finding Johnson guilty as charged. We affirm.
On March 26, 1980, around 6:50 p.m., L.H. Case and his wife arrived at the Kim K. Apartment Complex to pick up a friend for church services. Mrs. Case exited the automobile to retrieve their friend while Mr. Case remained inside the vehicle with the engine running, the headlights on and the radio playing. Shortly after Mrs. Case had departed, a young black male approached the Case's automobile and said something which Mr. Case could not hear. Mr. Case rolled the window partially down, whereupon the young man asked if the apartments were the Kim K. Apartments and then if the street in front of the apartments was Broad Avenue. The assailant then walked behind the vehicle and hollered as if he was relaying the information he had received from Mr. Case to someone. He then appeared at Mr. Case's window with a pistol demanding his wallet, Mrs. Case's purse, and the car keys.
The police were summoned to the scene of the crime and after routine investigatory procedures, Mr. Case accompanied officer Pierce to the police station to review various mug shots. Although appellant was pictured in one of the mug books viewed by Mr. Case, no positive identification was made at this time. Subsequently, on May 5, 1980, Mr. Case identified appellant as his assailant from a police lineup. Mr. Case also identified appellant at trial as the person who had robbed him.
Two handibank cards to the Hancock Bank, which had been issued to Mr. and Mrs. Case, were among the items stolen during the course of the robbery. These two cards were used a total of thirty-seven times between 7:17 p.m. on March 26, 1980, and 7:55 a.m. on March 27, 1980. Three hundred ninety dollars ($390) was obtained by the use of these cards. The cards were used at the main branch of the Hancock Bank in Gulfport and also at the Long Beach branch office. A camera connected with the handibank computer photographed individuals using the handibank when the card was inserted as well as withdrawn. Numerous pictures depicting appellant were taken by these cameras as he used the handibank during the evening of March 26, 1980, and the early morning hours of March 27, 1980.
Appellant admitted using the cards to obtain money but denied the robbery of Mr. Case. Appellant contended he met Clarence Smith at Jay's Lounge between 6:30 and 7:00 p.m. on March 26, 1980. Smith presented a gray package to appellant which contained the bank cards of Mr. and Mrs. Case. Smith and appellant then picked up Jessie Reynolds and began their spree with the bank cards. Both Smith and Reynolds testified for the state in rebuttal. Both denied any knowledge of the bank cards and also denied participating in the use of the cards with appellant.
The jury returned a verdict of guilty as charged and imposed a life sentence upon appellant.
I. Did the trial court err in limiting appellant's cross-examination of Jessie Reynolds?
*681 Appellant contends the trial court erred in limiting his right of cross-examination of state's witness Jessie Reynolds. Through cross-examination of Reynolds, appellant sought to establish Reynolds' relationship with Clarence Smith's sister-in-law in an effort to show bias on his part or collaboration of their testimony, as well as Reynolds' conversation with his attorney concerning the present case. Following a bench conference, appellant's attorney apparently abandoned this line of questioning without dictating any sort of proffer of testimony into the record.
Appellant in his brief correctly points out that wide latitude should be allowed in cross-examination of witnesses in criminal cases because it effectively tests the accuracy, truthfulness and credibility of the testimony. However, appellant failed to procedurally preserve the alleged error, if any, in the trial judge's action in the case at bar.
When objections to appellant's inquiries concerning state's witness Jessie Reynolds' involvement with Clarence Smith's sister-in-law and his conversation with his attorney were sustained, appellant should have asked that the jury be excluded whereby he could have continued his line of cross-examination in an effort to show bias of the witness or collaboration between Reynolds and Smith and thereby make his record outside the presence of the jury. See Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1930). Counsel cannot be expected to know what the response of a witness will be until after the questions are posed. Therefore, a proffer of such evidence by the attorney, as contended by the state, would be worthless. Brown v. State, 88 Miss. 166, 40 So. 737 (1906).
Since appellant failed to continue his line of cross-examination outside the presence of the jury, this Court cannot assume what would have developed from the facts. Therefore, we cannot say the trial judge erred in excluding the testimony of Jessie Reynolds.
II. Did the trial court err in refusing to grant a new trial based on appellant's motion for a new trial and petition for writ of error coram nobis?
Appellant contends his motion for a new trial should have been sustained when it was brought to the attention of the trial court that appellant was not convicted of strong armed robbery on May 5, 1980, as he testified, but rather was arrested for strong armed robbery on May 5, 1980, and pled guilty to a revocation of probation on a prior aggravated assault charge on May 13, 1980.
Appellant testified in his own behalf. On direct examination, in a tactical move, appellant's counsel elicited from appellant that he had previously been convicted of aggravated assault on October 15, 1975, possession of marijuana, paraphernalia and contributing to a minor in 1976, and strong armed robbery on May 5, 1980.
The evidence now complained of was elicited by appellant's own counsel. Moreover, the testimony came from appellant. Since appellant elicited the testimony, any error therein was invited, and he may not complain on appeal as to the admission of the same. Holifield v. State, 275 So.2d 851 (Miss. 1973). Nor did the subsequent discovery of appellant's previous criminal record constitute newly-discovered evidence.
In Townsel v. State, 228 Miss. 110, 87 So.2d 481 (1956), this Court stated:
An applicant must show that the evidence upon which he relies was in fact newly discovered or unknown to him until after the trial. Hence, "his application will be denied where it appears that he had knowledge or the evidence at the time of the trial; and this is true although he shows that he ... failed to communicate it to his attorney." 39 Am.Jur., New Trial, Section 159. Evidence is not newly discovered where accused knew of it but did not mention it to his counsel. 23 C.J.S., Criminal Law, Section 1454 b, p. 1230... .
(228 Miss. at 119, 87 So.2d at 484).
Appellant certainly should have known his own previous convictions for criminal activity.
*682 Since appellant injected the matters complained of into the record, he cannot complain of error, if any, as a result of his own mistake or ignorance.
Appellant's petition for writ of error coram nobis was filed prematurely. Before a petition for a writ of error coram nobis will lie, it is necessary that this Court consider the case on the merits. Murphree v. State, 222 So.2d 694 (Miss. 1969).
III. Did the trial court err in refusing to sustain appellant's objection to the improper final argument of the prosecutor?
Only one objection was interposed during the district attorney's final argument. The pertinent portion of the record provides:
You know, I'm sick and tired of goin' to gatherin's, parties, functions, churches, things like that, and people say, "Well, turned another one loose down there, huh? Won't do `em nothing'. ____
BY MR. VARNADO: Your Honor, I'm gonna object to that.
BY MR. NECAISE: ____ "The Court's are turnin' `em loose."
BY THE COURT: Just a second.
BY MR. VARNADO: I apologize for interrupting. But I request that the District Attorney keep his comments to the case today, not other cases.
BY THE COURT: Overruled.
Appellant's failure to object to the remaining portions of the district attorney's argument which he believes were improper, constituted a waiver of those points. Wilks v. State, 408 So.2d 68 (Miss. 1981).
In Brown v. State, 81 Miss. 143, 33 So. 170 (1902), Brown objected to the following remarks of the district attorney:
"If you are going to do like the juries did last week, turn everybody loose, regardless of evidence, why I might just as well close up shop. If you are going to believe the defendant, this entire court is a farce; he never denied his guilt until he employed counsel." (81 Miss. at 143-44, 33 So. 170)
Finding the argument improper and in a doubtful case would cause reversal. The court found Brown's guilt overwhelming. Brown's conviction was therefore upheld because the Court found the result would clearly and certainly have been the same notwithstanding the error.
The jury in the present case was instructed that arguments, statements and remarks of counsel were not evidence. As stated in Coxwell v. State, 387 So.2d 104 (Miss. 1980):
Jury Instruction # 1, granted by the court, states in part:
"Arguments, statements and remarks of counsel are intended to help you understand the evidence and apply the law, but are not evidence. If any argument, statement or remark has no basis in the evidence, then you should disregard that argument, statement or remark."
The remarks of the district attorney were highly improper and constitute error. However, we have carefully reviewed the entire record, and in view of the written instruction given the jury, as set forth above, and in view of the overwhelming evidence of appellant's guilt beyond reasonable doubt, we hold the error was harmless. Austin v. State, 384 So.2d 600 (Miss. 1980).
(387 So.2d at 106)
Because appellant's guilt was overwhelming we believe that the remarks of the district attorney during closing arguments, if improper, were rendered harmless thereby. Therefore, this case should be and is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, and HAWKINS, JJ., concur.
BOWLING, J., took no part.